

FILED
2021 Jun-30  AM 10:39
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **Michelle Beasley, individually and on behalf of all those similarly situated teachers employed by the Tuscaloosa County School System,** | ) ) ) ) ) | |
| **Plaintiffs,** | ) ) | |
| **vs.** | ) ) | **CASE NO.: CV-2021-_____** |
| **TUSCALOOSA COUNTY SCHOOL SYSTEM; THE TUSCALOOSA COUNTY BOARD OF EDUCATION; DR. KERI JOHNSON, in her individual and official capacity as Superintendent of the Tuscaloosa County School System; CHARLES ORR, in his individual and official capacity as a member of the Tuscaloosa County Board of Education; PORTIA JONES, in her individual and official capacity as a member of the Tuscaloosa County Board of Education; JOE CALVIN, in his individual and official capacity as a member of the Tuscaloosa County Board of Education; BILL SQUIRES, in his individual and official capacity as a member of the Tuscaloosa County Board of Education; RANDY SMALLEY, in his individual and official capacity as a member of the Tuscaloosa County Board of Education; JAMIE LAKE, in his individual and official capacity as a member of the Tuscaloosa County Board of Education; DON PRESLEY, in his individual and** | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **CLASS ACTION**<br><br>**DEMAND FOR JURY TRIAL** |

| | |
|---|---|
| **official capacity as a member of the** | ) |
| **Tuscaloosa County Board of Education;** | ) |
| **and DANNY HIGDON, in his individual** | ) |
| **and official capacity as Chief School** | ) |
| **Financial Officer of the Tuscaloosa** | ) |
| **County School System;** | ) |
| | ) |
| **Defendants.** | ) |

## CLASS ACTION COMPLAINT

**COMES NOW** the Plaintiff, Mrs. Michelle Beasley, individually and on behalf of similarly situated teachers employed by the Tuscaloosa County School System (hereinafter "Plaintiff"), pursuant to the relevant provisions of the <u>Federal Rules of Civil Procedure</u>, and files this complaint against defendants Tuscaloosa County School System, the Tuscaloosa County Board of Education; Dr. Keri Johnson, both individually and in her official capacity as Superintendent of the Tuscaloosa County School System, Mr. Charles Orr, both individually and in his official capacity as a member of the Tuscaloosa County Board of Education; Mrs. Portia Jones, both individually and in her official capacity as a member of the Tuscaloosa County Board of Education; Mr. Joe Calvin, both individually and in his official capacity as a member of the Tuscaloosa County Board of Education; Mr. Bill Squires, both individually and in his official capacity as a member of the Tuscaloosa County Board of Education; Mr. Randy Smalley, both individually and in his official capacity as a member of the Tuscaloosa County Board of Education; Mr. Jamie Lake, both individually and in his official capacity as a member of the

Tuscaloosa County Board of Education; Mr. Don Presley, both individually and in his official capacity as a member of the Tuscaloosa County Board of Education; and Mr. Danny Higdon, both individually and in his official capacity as Chief School Financial Officer of the Tuscaloosa County Board of Education, and avers the following:

## PARTIES

1.      Plaintiff Michelle Beasley is a full-time, certified teacher employed by the Tuscaloosa County Board of Education.   Mrs. Beasley has been an employee of the Tuscaloosa County Board of Education for thirty-two years, and has further been an employee of the Tuscaloosa County Board of Education at all times relevant to this action. Mrs. Beasley is required to be on duty fifteen minutes prior to the first bell of the day through fifteen minutes after the last bell of the day.  Mrs. Beasley is a resident of Tuscaloosa County, Alabama and over the age of nineteen (19) years.

2.      The putative "Teachers Class", as further defined in the Class Action Allegations, below, consists of those certified teachers in the elementary, middle and high schools who are employed by the Tuscaloosa County Board of Education and who have been assigned and required by the Defendants to teach students who are physically present on campus ("On-Campus Students") during their usual in-school classes throughout the school day since the 2020-2021 school year commenced, and then have also been required by the Defendants to teach multiple classes of

additional students who are not physically located in the school, but rather "virtually" ("Virtual Students"), after each teacher has already taught a full-day of in-school instruction to the On-Campus Students, **and without provision of any time during the workweek and workday to prepare for and teach these additional Virtual classes, without any compensation for the significant additional amount of work they are being required to perform, and without any additional time, credit or contribution for this work being provided to the Teachers Retirement System of Alabama ("TRSA")**.

      3.     The putative "Female Teachers Subclass," as further defined in the Class Action Allegations, below, consists of those female certified teachers in the elementary, middle and high schools who are employed by the Tuscaloosa County Board of Education and who have been assigned and required by the Defendants to teach On-Campus Students during their usual in-school classes throughout the school day since the 2020-2021 school year commenced, and then have also been required by the Defendants to teach Virtual Students, after each female teacher has already taught a full-day of in-school instruction to the On-Campus Students, **and without provision of any time during the workweek and workday to prepare for and teach these additional Virtual classes, without any compensation for the significant additional amount of work they are being required to perform, and**

**without any additional time, credit or contribution for this work being provided to the TRSA**.

4.      Defendant Tuscaloosa County School System ("TCSS"), is a public education system in the State of Alabama that is governed by the Tuscaloosa County Board of Education and which provides elementary and secondary education to students in Tuscaloosa County, Alabama.

5.      Defendant Tuscaloosa County Board of Education ("the Board"), is a governmental entity that superintends elementary and secondary education in Tuscaloosa County Alabama.  The Board is an entity that is subject to the provisions of Section 16-24B-1, et seq., of the Code of Alabama (1975).  Defendant Tuscaloosa County Board of Education (the "Board") is the entity responsible for the hiring, firing, promotion, demotion, transfer, assignment and compensation, as well as all other aspects of employment of personnel, including teachers within the Tuscaloosa County School System, and, as such, is required to perform its duties in accordance with state law and to confine its exercise of power to those areas of jurisdiction pursuant to said state laws.

6.      Defendant Dr. Keri Johnson is Superintendent of the Tuscaloosa County School System, and is over the age of nineteen (19) years. As Superintendent, Defendant Johnson is required to act in accordance with state law and to confine her exercise of power to those areas of jurisdiction pursuant to said

state laws. Defendant Johnson is sued individually and in her official capacity as Superintendent of the Tuscaloosa County School System.

7.     Defendant Portia Jones is a member of the Tuscaloosa County Board of Education.  She is a resident of Tuscaloosa County, Alabama and is over the age of nineteen (19).  As a member of the Tuscaloosa County Board of Education, she is required to perform her duties in accordance with the laws and constitutions of the State of Alabama and the United States of America.  Defendant Jones is sued in both her individual and official capacity.

8.     Defendant Jamie Lake is a member of the Tuscaloosa County Board of Education.  He is a resident of Tuscaloosa County, Alabama and is over the age of nineteen (19).  As a member of the Tuscaloosa County Board of Education, he is required to perform his duties in accordance with the laws and constitutions of the State of Alabama and the United States of America.  Defendant Lake is sued in both his individual and official capacity.

9.     Defendant Joe Calvin is a member of the Tuscaloosa County Board of Education.  He is a resident of Tuscaloosa County, Alabama and is over the age of nineteen (19).  As a member of the Tuscaloosa County Board of Education, he is required to perform his duties in accordance with the laws and constitutions of the State of Alabama and the United States of America.  Defendant Calvin is sued in both his individual and official capacity.

10.     Defendant Don Presley is a member of the Tuscaloosa County Board of Education.  He is a resident of Tuscaloosa County, Alabama and is over the age of nineteen (19).  As a member of the Tuscaloosa County Board of Education, he is required to perform his duties in accordance with the laws and constitutions of the State of Alabama and the United States of America.  Defendant Presley is sued in both his individual and official capacity.

11.     Defendant Charles Orr is a member and the president of the Tuscaloosa County Board of Education.  He is a resident of Tuscaloosa County, Alabama and is over the age of nineteen (19).  As a member of the Tuscaloosa County Board of Education, he is required to perform his duties in accordance with the laws and constitutions of the State of Alabama and the United States of America.  Defendant Orr is sued in both his individual and official capacity.

12.     Defendant Randy Smalley is a member and vice-president of the Tuscaloosa County Board of Education.  He is a resident of Tuscaloosa County, Alabama and is over the age of nineteen (19).  As a member of the Tuscaloosa County Board of Education, he is required to perform his duties in accordance with the laws and constitutions of the State of Alabama and the United States of America. Defendant Smalley is sued in both his individual and official capacity.

13.     Defendant Bill Squires is a member of the Tuscaloosa County Board of Education.  He is a resident of Tuscaloosa County, Alabama and is over the age of

nineteen (19).  As a member of the Tuscaloosa County Board of Education, he is required to perform his duties in accordance with the laws and constitutions of the State of Alabama and the United States of America.  Defendant Squires is sued in both his individual and official capacity.

14.     Defendant Danny Higdon is the Chief School Financial Officer of the Tuscaloosa County Board of Education.  He is a resident of Tuscaloosa County, Alabama and is over the age of nineteen (19).  As Chief School Financial Officer, Defendant Higdon is required to act in accordance with state law and to confine his exercise of power to those areas of jurisdiction pursuant to said state laws. Defendant Higdon is sued in both his individual and official capacity.

## JURISDICTION

15.     The Court has jurisdiction over these matters pursuant to the Alabama Constitution and United States Constitution guaranteeing due process and equal protection rights to its citizens, such as Plaintiff.

16.     This Court further has jurisdiction over the Plaintiff's claims under 42 U.S.C. §§ 1983 and 1988; and 28 U.S.C. §§ 1331 and 1343, as the Defendants are state actors who have deprived the Plaintiff of her property and violated her rights to due process under the Fourteenth Amendment of the United States Constitution, and have taken her property without just compensation under the Fifth and Fourteenth Amendments of the United States Constitution.

17.     This Court has supplemental jurisdiction over the Plaintiff's claims arising under 28 U.S.C. USC §§ 1338(b) and 1367. This Court has authority to adjudicate as to the claim for declaratory judgment pursuant to 28 U.S.C. §2201. This Court has authority to issue preliminary and permanent injunctions and other equitable relief pursuant to 28 U.S.C. §2202 (injunctive relief).

18.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b), because the Plaintiff and the individual Defendants are residents of Tuscaloosa County, Alabama, and the acts and occurrences made the basis of this lawsuit occurred in Tuscaloosa County, Alabama, which is in the Western Division of the Northern District of Alabama.

## CONDITIONS PRECEDENT

19.     Plaintiff brings this action for the unlawful practices and acts of discrimination which had a disparate impact on Plaintiff and the members of the Female Teachers Subclass.

20.     On December 15, 2020, the Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") against the Tuscaloosa County School System, the Tuscaloosa County Board of Education, and Dr. Keri Johnson, alleging discrimination based upon her gender and age.

21.     The EEOC formalized the charge against TCSS, the Board, and Dr. Johnson as Charge No. 420-2021-00634.

22.     Plaintiff amended her charge with the EEOC on February 18, 2021.

23.     After the Defendants refused mediation, the EEOC issued a "Dismissal and Notice of Rights" dated March 31, 2021.

24.     Plaintiff files this action within 90 days of receiving the Notice of Rights.

25.     Plaintiff meets all administrative requirements for filing suit on her Title VII claims and timely brings this action.

## FACTUAL BACKGROUND

26.     The Tuscaloosa County School System ("TCSS") employs approximately 1,220 teachers to teach approximately 18,000 students.

27.     Females comprise the significant majority of the certified teachers in the Tuscaloosa County Schools.

28.     Women "are still taking on most of the household and familial duties," including childcare, and "women are also much more likely to be the ones who care for sick or elderly family members."  Maggie Germano, *Women are Working More Than Ever, But They Still Take On Most Household Responsibilities*, Forbes (March 27, 2019), https://www.forbes.com/sites/maggiegermano/2019/03/27/women-are-working-more-than-ever-but-they-still-take-on-most-household-responsibilities

29.     "Women are eight times more likely than men to look after sick children or manage their children's schedules."  Id.

30.     In addition, "[t]wo out of every three caregivers in the United States are women. *Women, Caregiving, and COVID-19*, Centers for Disease Control, June 21, 2021, https://www.cdc.gov/women/caregivers-covid-19/index.html

31.     Plaintiff is a white female over the age of forty (40).

32.     Under Alabama law, TCSS is under the control and direction of the Tuscaloosa County Board of Education ("Board"), which is comprised of seven (7) board members, each representing a distinct area of Tuscaloosa County, Alabama. The Tuscaloosa County Board of Education establishes policies for the operation of TCSS and, *inter alia*, appoints and employs a Superintendent of Schools to make recommendations to the Board and manage the day- to-day operations and affairs of TCSS.

33.     Under Alabama law, the Board is required to adopt policies with which the Board and its employees must comply, and *inter alia*, appoints and employees a Chief School Financial Officer to work under the direct supervision of the Board, and to, among other things, provide the Board members with the required financial reports.

34.     According to the Board's Policy 6.11, the school day for teachers in the TCSS begins fifteen minutes prior to the beginning of the instructional day at each teacher's assigned school, and ends fifteen minutes after the end of the instructional day at that school.

35.     In the TCSS, the Plaintiff and each of the members of the Teachers Class teach a full day of in-person classes to his/her students.  Historically, each of the teachers employed in the middle schools and the high schools of the TCSS, teach students during six class periods each day, and also have one (1) preparatory period, for a total of seven (7) periods. They also have time for lunch.

36.     Other than during their preparatory period and approximately twenty-five-minute lunch break, during the school year, the Plaintiff and members of the Teachers Class have in-person students ("On-Campus Students") in their classrooms each day school is in session.

37.     Unlike the vast majority of the other school systems in the State of Alabama, the Defendants did not either (a) divide the Virtual Students and On-Campus Students between the teachers, assigning certain teachers to teach Virtual Students and certain teachers to teach On-Campus Students, or (b) reduce the number of in-person instructional days to provide the teachers time to prepare and teach the Virtual Students' classes, if having the same teachers teach both Virtual Students and On-Campus Students.

38.     Rather, the Defendants have assigned and required the Plaintiff, and the members of the Teachers Class, to each teach their respective full day of instruction in person to the On-Campus Students at their assigned schools, and then in addition to that full day of in-person instruction, further assigned and required the Plaintiff

and each of the members of the Teachers Class to teach multiple additional periods of instruction to Virtual Students.

39.    Prior to the start of the 2020-2021 academic year, the Defendants instituted a plan to address the COVID-19 Pandemic, which plan improperly and illegally affected the Female Teachers Subclass in a disproportionately negative manner, many of whom are primary caregivers for young children, elderly parents, and other household members.

40.    For the 2020-2021 scholastic year, beginning in August of 2020, students in the TCSS had the option to be either (a) an On-Campus Student taking classes in the classrooms at their respective schools; or (b) to be a Virtual Student and take classes virtually/on-line.

41.    For the 2020-2021 scholastic year, the Superintendent recommended to the Board and the individual members of the Tuscaloosa County Board of Education, to offer students the option of being Virtual Students.   The individual Board members voted in favor of this recommendation.   The Superintendent and the members of the Board then required and assigned Plaintiff and the Teachers Class members to teach both On-Campus classes to On-Campus Students, and Virtual classes to Virtual Students.

42.    The Defendants' plan required the Plaintiff and members of the Teachers Class to use the "Schoology" computer system to teach the Virtual

Students.

43.    In June of 2020, the Defendants approved the use of the Schoology system to teach Virtual Students.

44.    Schoology recommended to the Defendants that the teachers undergo at least three months of training in order for the teachers to be effective with Schoology (and nine months for best results). However, despite the required training period, the Defendants delayed and failed to timely purchase Schoology until June of 2020.

45.    The Defendants claimed to have provided the Plaintiff and members of the Teachers Class with access to train on Schoology.  In truth, however, the Defendants only provided the Plaintiff and the Teachers Class members with access to Schoology approximately one week prior to the TCSS's students returning to school for the start of the 2020-2021 academic year. Moreover, the actual training on Schoology provided by the Defendants to the Plaintiff and the members of the Teachers Class was via a peer trainer.  These "peer trainers" were teacher representatives from each school in the TCSS, who, themselves, each received one (1) day of training from Schoology professionals, and were then, in turn, expected and assigned to train the rest of the teachers at their respective schools on the Schoology platform.  Therefore, the Plaintiff and the other members of the Teachers Class received insufficient, if any, Schoology training before being required by

Defendants to teach Virtual Students on the Schoology platform.

46.     As a result of the Defendants' poor planning, and lack of provision for training, as well as the inherent complexity, problems, issues, and idiosyncrasies of Schoology, Plaintiff and members of the Teachers Class had to spend many hours of their own time, outside of their normal working hours, to familiarize, learn, and become proficient with the Schoology platform, including the technical processes of the software and any abnormalities, issues, and eccentricities of the software.

47.     Teaching a class in Schoology is not the same as broadcasting or sharing one's teaching of an in-school class of on-Campus Students via Zoom or Google Meets wherein Virtual Students could just "tune in" and watch a live class online during their regular class time.  Rather, teaching the Virtual Students via Schoology required the Plaintiff and each of the members of the Teachers Class to utilize a totally different format from the one used to teach On-Campus Students, and further required separate lessons, lesson plans, assignments, quizzes and tests, planning, and communication with students.

48.     Stated otherwise, when using the required Schoology program, the Plaintiff and members of the Teachers Class were not and could not simply live-stream to the Virtual Students, the On-Campus classes that Plaintiff and the Teachers Class members were teaching to the On-Campus Students.  Rather, the Plaintiff and Teachers Class members literally had to prepare a whole different set of lessons,

lesson plans, assignments, quizzes and tests, planning, and communication with students for each of their respective virtual classes which they then had to upload to the Schoology computer platform. The planning and preparation for teaching the Virtual Students are just as extensive and time-consuming as planning for the On-Campus Students.  Therefore the workload of the Plaintiff and the members of the Teachers Class was substantially increased by the way the Defendants chose to handle the Virtual Students.

49.    Further, teaching the Virtual Students is far more time-intensive than teaching the On-Campus Students, as Virtual Students do not have the benefit of hearing the questions posed by other students, and the teacher's answers thereto, and thus teachers must often answer the same question multiple times as it will be asked by multiple students.

50.    In addition to preparing the separate lesson plans, creating the computerized content, including various documents for each lesson, and uploading the lessons, Plaintiff and the members of the Teachers Class have had (a) to teach the Virtual Students how to actually use the Schoology programs; (b) to teach the Virtual Students how to memorialize their work and upload it to Schoology (many times the Plaintiff and members of the Teachers Class would receive barely legible screenshot photos of a student's work); (c) to answer the numerous emails each teacher receives from Virtual Students and address the numerous emails from

parents of Virtual Students each day (collectively amounting to hundreds of emails a week), and (d) to respond to questions from the Virtual Students.

51.     Moreover, in order to protect the integrity of their assessments of student learning and to reduce the opportunity for cheating, Plaintiff and the members of the Teachers Class have also had to make separate tests and quizzes for each of the instructional periods taught to the Virtual Students.  This work takes substantially more planning time in order to create completely different sets of tests and quizzes.

52.     After a certain amount of time had passed from the date of a given test or quiz, the Plaintiff and members of the Teachers Class would post the test and the answers to Schoology so that the Virtual Students could see what they answered incorrectly and what the correct answers were (similar to what the teachers do when going over tests in an in-person class).

53.     However, on many occasions, one or more Virtual Students were not able to take the test or quiz at the same time as the other Virtual Students, and before the tests and answers were posted; however, per the communicated instructions from TCSS' administrators, Plaintiff and members of the Teachers Class had to allow those students to take the missed test or quiz.  As a result, and to maintain the integrity of the testing process, the Plaintiff and members of the Teachers Class would be required to create an entirely new version of the missed test or quiz, even

if only for one student. In order to meet the demands of teaching both the On-Campus Students and the Virtual Students, the Plaintiff and members of the Teachers Class thus had to spend their afternoons, evenings, nights, weekends and holidays handling their new virtual teaching duties, including, but not limited to, learning the ins and outs of the Schoology program, preparing teaching materials and documents, recording and uploading lessons, preparing tests and quizzes, answering questions from Virtual students, and responding to multiple emails, text messages and phone calls from Virtual Students and their parents.  All of this additional work was on top of and after teaching a full load of On-Campus classes each day.

54.    The additional work and the extensive extra hours spent preparing, teaching and grading Virtual classes were extremely stressful and exhausting and interfered with the Plaintiff's and Teachers Class members' duties as family caregivers, as well as negatively impacting their mental, physical and emotional health, and depriving them of time with their families and needed downtime.

55.    Because of the additional workload imposed by the Virtual Students teaching responsibilities during the 2020-2021 academic year, Plaintiff and the members of the Teachers Class have been wrongfully and illegally assigned and required to perform far more work than each was contracted to perform, to perform the work of **multiple full-time teachers**, and to prepare for and teach significantly

more instructional periods each day, than that work and those instructional periods for which they were hired, contracted, legally recommended by the Superintendent, approved and assigned by the Board, for which they are regularly compensated for and for which they receive time, credit and contributions to the TRSA. The Plaintiff and Teachers Class members have further been required to perform this additional work and teach these additional classes, without receiving any additional compensation and without provision of any additional time, credit and contributions to the TRSA.

56.   When the Plaintiff and members of the Teachers Class attempted to address the issues and problems with the Defendants, the Defendant Board members dismissed their concerns as being "whiny females." The Defendant Board members communicated that if the Plaintiff and Teachers Class members would just do what the Defendants told them to do, things would be fine.

57.   In October, the Defendants implemented a new on-line education program to be utilized in the TCSS, called "Edgenuity." The Edgenuity program provided each Virtual Student with pre-uploaded content (which, upon information and belief, was not accredited by the Alabama State Department of Education or created by any teacher in the TCSS) for each course, and did not require any teacher involvement. (The TCSS actually removed the student writing components from each course so that the students did not have to write anything to complete the course

of study, and teachers had nothing to grade.)  Although Edgenuity was allegedly implemented to reduce the strain and stress on the teachers, even after the Defendants implemented the "Edgenuity" system during the second half of the Fall 2020 semester, the workload and additional duties of the Plaintiff and members of the Teachers Class were not significantly reduced.

58.    The Plaintiff and Teachers Class members still had to use the Schoology system for the On-Campus Students who were quarantined for 10-14 days after being exposed to the COVID virus.

59.    In addition, even after the Edgenuity system was implemented, certain members of the Teachers Class, who taught advanced placement classes, special education classes, vocational education classes, foreign language classes, physical education classes, and numerous other elective classes, were still assigned and required to use Schoology daily, because Edgenuity did not provide pre-programed classes for the classes they  taught.

60.    Furthermore, the Edgenuity system was not utilized by the TCSS to teach the large number of On-Campus Students who had to be sent home to quarantine due to exposure to the COVID virus. Thus, the Plaintiff and many members of the Teachers Class have had to continue to use the Schoology platform to teach these quarantined students, requiring Plaintiff and these Teachers Class members to perform significantly more teaching duties and work, and teach

additional Virtual classes.  All of the additional lessons, videos, teaching materials, assignments, tests and quizzes, still had to be prepared, whether it was for one quarantined student or multiple quarantined students.

61.    However, even though the Board and Defendants Johnson, Orr, Jones, Calvin, Squires, Smalley, Lake, and Presley have started paying additional compensation to some of the Teachers Class members who are teaching the classes for which Edgenuity does not provide pre-programed classes, the Defendants have not paid Plaintiff and other members of the Teachers Class who have had to continue to use Schoology to teach On-Campus Students who have been quarantined at home.

62.    It is important to note that historically, and in accordance with Alabama law, it has been the habit, custom, practice and policy of TCSS to provide teachers who teach additional classes during their planning period with additional compensation for these additional classes, in an amount equal to the pro-rata increase in the teaching duties (usually 1/7 more since each school day has seven periods).

63.    Specifically, when teachers are asked, and not just assigned or required, to teach any such additional classes and/or instructional periods above the normal load of classes, then in compliance with Alabama law, the Superintendent would recommend to the Board, and the Board would usually approve, additional pro-rated compensation for each additional class taught by those teachers who were teaching more than the usual number of classes.

64.    In fact, the Defendants, in accordance with their historical custom and practice, now pay certain TCSS personnel, many of whom are not classroom teachers, but rather librarians and counselors, an additional stipend of up to more than $5,000.00 to act as Edgenuity "Remote Learning Coaches."  However, unlike the Plaintiff and the members of the Teacher Class, the Remote Learning Coaches do not have to teach (prepare lessons, assignments, materials, quizzes, tests, videos, etc.) the Virtual Students, but only have to monitor attendance of the Virtual Students and act as a point of contact for these Virtual Students.

65.    Defendant Johnson did not recommend to the Board, and the Defendant Board and the Defendant members of the Board did not approve, the additional classes to be assigned to the Plaintiff and each of the members of the Teachers Class.

66.    Defendant Johnson did not recommend to the Board, and the Defendant Board and the Defendant members of the Board did not approve, additional compensation for the Plaintiff and the members of the Teachers Class for preparing for, teaching, and grading the extra instructional periods and performing the extra duties they have been required to perform, including but not limited to responding to the significantly increased number of emails and phone calls, preparing additional lessons, materials, assignments, and tests, and training the students on Schoology and how to prepare and upload their work for review and grading.

67.    Under Alabama law, teachers are entitled to fundamental fairness and

due process in relation to their employment and the terms thereof.  (See Students First Act, codified at Ala. Code §§16-24C-1, *et seq.*)

68.    The Defendants have willfully, fraudulently, maliciously, in bad faith, beyond their respective authority, and/or in their mistaken interpretation of the law, improperly assigned and required the Plaintiff and the members of the Teachers Class to teach the Virtual Students in numerous on-line classes in addition to and beyond teaching the On-Campus Students during the On-Campus classes for which the Plaintiff and the members of the Teachers Class were hired. Thus, the Defendants are requiring the Plaintiff and members of the Teachers Class to perform, in violation of Alabama law, the teaching duties of multiple teachers and to perform significantly more teaching duties than for which they were hired and are compensated.

69.    By requiring and assigning the Plaintiff and members of the Teachers Class to teach the additional Virtual classes, in addition to their normal On-Campus classes but without any compensation for teaching these additional Virtual classes, the Defendants have willfully, fraudulently, maliciously, in bad faith, beyond their respective authority, and/or in their mistaken interpretation of the law reduced the Plaintiff's and the Teachers Class members' compensation below the amounts set forth in the Board's duly-adopted Salary Schedules and below the amount of compensation to which the Plaintiff and each of the members of the Teachers Class is entitled pursuant to their employment with TCSS.

70.     By not providing additional compensation to the Plaintiff and the members of the Teachers class, and/or by failing to pay them compensation for the additional teaching duties, instructional hours, assignments and work, the Defendants have wrongfully, illegally, willfully, fraudulently, maliciously, in bad faith, beyond their respective authority, and/or in their mistaken interpretation of the law, reduced the compensation of the Plaintiff and the members of the Teachers Class.

71.     By not providing additional compensation to the Plaintiff and the members of the Putative Teachers Class and/or by failing to pay them compensation for the additional teaching duties, instructional hours, assignments and work, the Defendants have willfully, fraudulently, maliciously, in bad faith, beyond their respective authority, and/or in their mistaken interpretation of the law, effected a partial termination of the Plaintiff and the members of the Teachers Class and/or a transfer of them to additional positions at a lower rate of pay without complying with the due process requirements of the Students First Act.

72.     Further, Plaintiff and each of the members of the Teachers Class are participants in the TRSA.

73.     Plaintiff and members of the Teachers Class receive credit towards their retirement benefits from the TRSA based on years of teaching; if a teacher does not carry a full teaching load during a semester or academic year, (six periods of teaching

in a seven-period-day) then that teacher's credit in the TRSA for that year is commensurately reduced and the Board's contribution to the TRSA is reduced.

74.    Although the Board reduces the teacher's time, credit, and contributions paid towards each teacher's retirement benefits from the TRSA if a teacher teaches less than a full load, the Board has historically had the habit, custom and practice of increasing the credit towards a teacher's retirement benefits from the TRSA if the teacher teaches more than a full load.

75.    In the 2020-2021 academic year the Defendants did not increase the credit and contribution to TRSA for the Plaintiff and the members of the Teachers Class when the Plaintiff and the Members of the Teachers Class taught more than their full load of classes.

76.    By reducing the compensation of the Plaintiff and the members of the Teachers Class and/or by failing to pay them compensation for the additional teaching duties, instructional hours, assignments and work, the Defendants have willfully, fraudulently, maliciously, in bad faith, beyond their respective authority, and/or in their mistaken interpretation of the law, deprived Plaintiff and the members of the Teachers Class of time, credit and contributions to the TRSA.

77.    The Defendants have willfully, fraudulently, maliciously, in bad faith, beyond their respective authority, and/or in their mistaken interpretation of the law, taken these actions in relation to the Plaintiff and each of the members of the

Teachers Class without providing Plaintiff and the members of the Teachers Class with the due process to which they are each entitled under the Constitution of the State of Alabama, and the 5th and 14th Amendments to the United States Constitution.

78.    The Defendants have further willfully, fraudulently, maliciously, in bad faith, beyond their respective authority, and/or in their mistaken interpretation of the law, taken these actions against Plaintiff and the members of the Teachers Class in violation of Alabama law, including the Students First Act, codified at Ala. Code §§16-24C-1, *et seq.*

79.    Furthermore, Defendants Johnson, Jones, Lake, Calvin, Presley, Orr, Smalley, Squires, and Higdon were acting under color of state law when they took the above-listed actions.

80.    The Defendants have a ministerial duty to pay Plaintiff and members of the Teachers Class for the work that each of them has performed for Defendants.

81.    If the Plaintiff and members of the Teachers Class did not teach and/or refused to teach the additional instructional periods of Virtual classes and perform the additional work for the Virtual classes required by the Defendants, the Plaintiff and members of the Teachers Class would be subject to disciplinary action (up to and including termination), for charges including but not limited to, neglect of duty and insubordination.

82.    The Defendants would also have the power and duty to notify the

Alabama State Department of Education ("ALSDE") regarding Plaintiff's and the Teachers Class members' refusal to teach the additional Virtual classes and perform the additional work, exposing the Plaintiff and Teachers Class members to additional disciplinary action, including but not limited to revocation of their professional educator certificates.  Thus, the Plaintiff and members of the Teachers Class had no choice but to do that which each was assigned, required and forced by the Defendants, who were acting willfully, fraudulently, maliciously, in bad faith, beyond their respective authority, and/or in their mistaken interpretation of the law.

## CLASS ACTION ALLEGATIONS

83.     The Plaintiff repeats and realleges paragraphs 1-82 in this Complaint as if fully set forth herein.

84.     The Plaintiff brings this case as a class action pursuant to Rules 23(a), 23(b)(2), and 23(b)(3) of the Federal Rules of Civil Procedure.  The Plaintiff seeks certification of this case as a class action on behalf of the following class of individuals:

> All teachers employed by the Tuscaloosa County Board of Education who are or have been required to teach on-line classes in addition to the in-person classes they were hired to teach, without pay for said additional work, duties and hours, and without additional time, credit and/or contributions to TRSA (collectively referred to herein as the "Teachers Class").

85.     In addition to the Teachers Class, the Plaintiff seeks to certify a subclass

of the Teachers class made up strictly of females to be defined as follows:

> All female teachers employed by the Tuscaloosa County Board of Education who are or have been required to teach on-line classes in addition to the in-person classes they were hired to teach, without pay for said additional work, duties and hours, and without additional time, credit and/or contributions to TRSA (collectively referred to herein as the "Female Teachers Subclass").

86.    The Plaintiff is a member of both the Teachers Class and the Female Teachers Subclass.

87.    Membership in the Teachers Class is so numerous that separate joinder of each member is impracticable.  There are approximately 1,220 teachers employed by the Defendants.

88.    The Plaintiff reserves the right to redefine the class, as well as the class allegations and the scope of claims, following a reasonable opportunity for discovery and further investigation of the facts herein.

89.    There are numerous and substantial questions of law and fact common to the Teachers Class.  Included within the common questions are:

> (a)    Whether Defendants can require the Teachers Class to teach Virtual classes in addition to the in-person classes which Plaintiffs and the members of the Teachers Class were hired to teach;

> (b)    Whether Defendants can refuse to compensate the Teachers

Class for teaching the additional Virtual classes;

(c)     Whether the Teachers Class can be assigned to teach the additional Virtual classes without the Superintendent first recommending, and then the Board and Defendant members of the Board approving, said assignments;

(d)     Whether the Teachers Class can be assigned to teach the additional Virtual classes without the Superintendent first recommending, and then the Board and Defendant members of the Board approving, compensation for the additional assignments;

(e)     Whether Defendants breached any contracts with the Teachers Class;

(f)     Whether Defendants denied the Teachers Class due process and just compensation;

(g)     Whether Defendants violated Alabama law in relation to the Teachers Class, including but not limited to the Students First Act;

(h)     Whether Defendants failed to comply with the Board's policies, including but not limited to the Salary Schedules, by:

(i)     requiring the Teachers Class to teach the Virtual classes

without any compensation therefor;

(ii)    assigning the additional Virtual classes to the Teachers Class without having the Superintendent first recommend the assignments to the Board, and then the Board and Defendant members of the Board approving said assignments;

(iii)   assigning the additional Virtual classes to the members of the Teachers Class without having the Superintendent first recommend, and then the Board and Defendant individual members of the Board approve, that Teachers Class members receive compensation for teaching the Virtual classes;

(iv)   assigning the additional Virtual classes to the members of the Teachers Class without having the Superintendent first recommend, and then the Board and Defendant individual members of the Board approve, that Teachers Class members receive time, credit, and contributions to the TRSA for teaching the Virtual classes;

(i)    Whether the Defendants violated the Students First Act by:

(i)    requiring the Teachers Class to teach the Virtual classes;

and/or

(ii)    not providing compensation therefor; and/or

(iii)   not first providing the members of the Teachers Class an opportunity for a hearing before the Board prior to requiring them to teach the Virtual classes;

(j)    Whether the Teachers Class is due to be paid by Defendants for the additional work that Defendants required the Teachers Class to perform;

(k)    Whether the Teachers Class is due to receive commensurate time, credit and contribution to TRSA by Defendants for the additional work that Defendants required the Teachers Class to perform;

(l)    Whether the Defendants acted willfully, fraudulently, maliciously, in bad faith, beyond their respective authority, and/or under a mistaken interpretation of the law in taking their actions in relation to the Teachers Class members in assigning and required the Teachers Class members to teach additional classes without the Superintendent recommending additional classes for each member of the Teachers Class without additional compensation, as well as additional time, credit and contribution

to TRSA; without the Board approving the recommendations of the Superintendent additional classes for each member of the Teachers Class without additional compensation as well as additional time, credit and contribution to TRSA.

(m)   Whether the Defendants' plan and actions towards the members of the Female Teachers Subclass, including but not limited to forcing the members of the Female Teachers Subclass to teach additional classes and perform significant additional work and duties without providing additional time during the workweek for performance thereof and thus requiring the Female Teachers Subclass members to do the required work in their off-time, all without any additional compensation, and then dismissing the Female Teachers Subclass members' concerns about the additional work, teaching duties and classes as "whiny females," had an illegal and discriminatory disparate impact on the Female Teachers Subclass members;

(n)   Whether the Defendants should be enjoined from requiring the Teachers Class to teach Virtual classes in addition to a full-load of in-person classes without additional compensation.

90.   The Plaintiff's claims are typical of the members of the Teachers Class

and of the Female Teachers Subclass.

91.     The Plaintiff will fairly and adequately represent and protect the interests of the Teachers Class and of the Female Teachers Subclass.  The Plaintiff has retained counsel experienced and competent in prosecution of class actions, complex litigation, and claims of the type and nature asserted on behalf of the Teachers Class and the Female Teachers Subclass.

92.     The Plaintiff has no interests which are adverse to the interests of the Teachers Class.

93.     A class action is superior to other available methods for the fair and efficient adjudication of claims asserted herein. Because the damages suffered by individual class members and the relief to which each individual class member may be entitled could, in some cases, be relatively small, the expense and burden of individual litigation makes it virtually impossible (and certainly impracticable) for the class members to attempt to separately redress the wrongs committed by Defendants, both named and (presently) fictitious.

94.     Final class injunctive and/or declaratory relief under Rule 23(b)(2) of the Federal Rules of Civil Procedure is appropriate in this case because Defendants have acted on grounds generally applicable to the Teachers Class and to the Female Teachers Subclass.

95.     Final injunctive or corresponding declaratory relief barring Defendants

from requiring members of the Teachers Class and of the Female Teachers Subclass to teach Virtual classes without due process, time for performance during the workweek, or compensation therefor, is appropriate with respect to the Teachers Class as a whole, and to the Female Teachers Subclass as a whole.

96. This action qualifies for certification under Rule 23(b)(3) of the Federal Rules of Civil Procedure because questions of law and fact common to the members of the Teachers Class and of the Female Teachers Subclass predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

97. Absent a class action, members of the Teachers Class and of the Female Teachers Subclass will continue to suffer damage, and the wrongful conduct and violations of law by Defendants will proceed without remedy while Defendants continue to reap the benefits of its actions to the detriment of the Plaintiff, Teachers Class members, and Female Teachers Subclass members.

98. Most individual members of the Teachers Class, and the Female Teachers Subclass, have little ability to prosecute an individual action due to the comparatively small, although significant, actual damages suffered by the class members individually and the significant cost associated with litigation against Defendants.

99. This action will result in an orderly and expeditious administration of

class claims.  Economies of time, effort, and expense will be fostered, and uniformity of decisions will be ensured.

100.    This action presents no difficulty that would impede its management by the Court as a class action, and a class is superior to other available methods for the fair and efficient adjudication of the claims.

101.    Plaintiffs seek preliminary and permanent injunctive and equitable relief on behalf of the Teachers Class and the Female Teachers Subclass to stop the wrongful conduct described herein.

## COUNT 1
## DENIAL OF DUE PROCESS UNDER THE ALABAMA CONSTITUTION

102.    The Plaintiff repeats and realleges paragraphs 19-101 in this Complaint as if fully set forth herein.

103.    The Plaintiff and the members of the Teachers Class, enjoy certain due process and equal protection rights pursuant to Alabama law, the Alabama Constitution, and Board Policy. The Board, and individual Defendants Johnson, Orr, Jones, Lake, Calvin, Squires, Smalley, Presley, and Higdon, acting individually and in their official capacities, have denied Plaintiff and the Teachers Class members such procedural safeguards and rights of due process and equal protection.

104.    The Constitution of the State of Alabama guarantees that no person shall "be deprived of life, liberty, or property, except by due process of law."  Ala. Const. of 1901, art. I, §6 (1901).

105.   The Constitution of Alabama further guarantees "[t]hat all courts shall be open; and that every person, for any injury done him, in his lands, goods, person, or reputation, shall have a remedy by due process of law."  Ala. Const. of 1901, art. I, §13 (1901).

106.   Further, pursuant to Alabama law, teachers are entitled to certain fundamental fairness and due process in relation to their employment and the terms thereof.  (See Students First Act, codified at Ala. Code §§16-24C-1, et seq.)

107.   The Plaintiff, and each of the members of the Teachers Class, have a property right in their employment, and they cannot be deprived of such rights without due process of law.

108.   Furthermore, changes in employment status, including but not limited to changes in compensation, implicate property interests in public employment.

109.   The Plaintiff and each of the Teachers Class members has experienced a change in his/her employment status in that the Board, and individual Defendants Johnson, Orr, Jones, Lake, Calvin, Squires, Smalley, and Presley, acting in their individual and official capacities, have required Plaintiff and Teachers Class members to teach Virtual classes in addition to the On-Campus, in-person classes for which Plaintiff and the Teachers Class members were hired, significantly increasing each person's workload, instructional periods, and teaching duties, without provision of compensation therefor, and thus each person's compensation

has been significantly reduced.

110.   The Board, and individual Defendants Johnson, Orr, Jones, Lake, Calvin, Squires, Smalley, and Presley, acting in their individual and official capacities, have effectively transferred and assigned the Plaintiff and each of the Teachers Class members to an additional position, and/or effected a partial termination of the Plaintiff and each of the Teachers Class members, by requiring them to teach both as a full-time On-Campus teacher and a full-time Virtual teacher, significantly expanding the number of instructional periods the Plaintiff and each of the Teachers Class members is required to prepare for and teach beyond that for which each was hired, and causing each to perform the duties of multiple teachers, without any compensation therefor, and thus significantly reducing the Plaintiff's and the Teachers Class members' pay.

111.   The Board, and individual Defendants Johnson, Orr, Jones, Lake, Calvin, Squires, Smalley, and Presley, acting in their individual and official capacities, took these actions without providing any due process to any of the Plaintiff and Teachers Class members.

112.   The Board, and individual Defendants Johnson, Orr, Jones, Lake, Calvin, Squires, Smalley, and Presley, acting in their individual and official capacities, took these actions under color of law, and the Plaintiff and the Teachers Class members, had they failed and/or refused to teach these additional classes and

perform these additional duties, could have and would have been subject to disciplinary action, including but not limited to, termination and loss of tenure, accreditation and certification.

113.   Under the Students First Act, Plaintiff and the Teachers Class members cannot be involuntarily assigned or transferred to a position which provides for lower compensation (let alone no compensation as in this case), without first being provided certain substantive and procedural due process, including but not limited to notice prior to any action being taken, as well as an opportunity to respond and/or have a hearing. Ala. Code §16-24C-7.

114.   In addition, under the Students First Act, Plaintiff and the Teachers Class members cannot be involuntarily assigned and/or transferred to a position which provides for lower compensation unless the Superintendent first makes a recommendation for such transfer and the Defendant members of the Board then approve said recommendation.  Ala. Code §16-24C-7.

115.   Defendant Johnson had a legal duty to comply with the Students First Act and Alabama law, and to recommend to the Board that the Plaintiff and Teachers Class members be transferred to and/or assigned the additional Virtual classes, before effectuating the transfers and requiring the Plaintiff and Teachers Class members to teach the additional Virtual classes.

116.   Defendants Johnson and Higdon had a legal duty to recommend that

the Board compensate the Plaintiff and Teachers Class members for the additional Virtual classes, and that additional contributions and/or time, credits or contributions be made to the TRSA on behalf of the Plaintiff and Teachers Class members for the additional Virtual classes.

117.   Defendant Johnson, wrongfully, willfully, fraudulently, maliciously, in bad faith, beyond her authority, and/or under a mistaken interpretation of the law, failed to recommend to the Board that the Plaintiff and Teachers Class members be transferred to and/or assigned the additional Virtual classes, or that the Board compensate the Plaintiff and Teachers Class members for the additional Virtual classes, or that additional contributions and/or time, credits or contributions be made to the TRSA on behalf of the Plaintiff and Teachers Class members for the additional Virtual classes.

118.   The Defendant Board and individual Board member Defendants Orr, Jones, Lake, Calvin, Squires, Smalley, and Presley, wrongfully, willfully, fraudulently, maliciously, in bad faith, beyond their respective authority, and/or under a mistaken interpretation of the law, failed to approve that the Plaintiff and Teachers Class members be transferred to and/or assigned the additional Virtual classes, or that the Board compensate the Plaintiff and Teachers Class members for the additional Virtual classes, or that additional contributions and/or time, credits or contributions be made to the TRSA on behalf of the Plaintiff and Teachers Class

members for the additional Virtual classes.

119.   The Defendant Board and individual Board member Defendants Orr, Jones, Lake, Calvin, Squires, Smalley, and Presley, wrongfully, willfully, fraudulently, maliciously, in bad faith, beyond their respective authority, and/or under a mistaken interpretation of the law, failed to require Defendant Johnson to follow the Students First Act and make the required recommendations as to Plaintiff and the Teachers Class members, and failed to require Defendants Johnson and Higdon to pay the Plaintiff and the Teachers Class members for the additional Virtual classes and to process and make the additional time, credits and/or contributions to the TRSA on behalf of the Plaintiff and Teachers Class members for the additional Virtual classes.

120.   Defendants Johnson and Higdon had a legal duty to comply with Alabama law and to perform the ministerial duties of paying the Plaintiff and the Teachers Class members for teaching the additional Virtual classes and processing and processing and making the additional time, credits and/or contributions to the TRSA on behalf of the Plaintiff and Teachers Class members for the additional Virtual classes.

121.   Defendants Johnson and Higdon, wrongfully, willfully, fraudulently, maliciously, in bad faith, beyond his authority, and/or under a mistaken interpretation of the law, failed to perform the ministerial duties of paying the

Plaintiff and the Teachers Class members for teaching the additional Virtual classes and processing and making the additional time, credits and/or contributions to the TRSA on behalf of the Plaintiff and Teachers Class members for the additional Virtual classes.

122.   Furthermore, in accordance with Alabama law, it has been the Board's policy, habit, custom, and practice to have the Superintendent recommend to the Board, and the Board to approve, additional compensation for teachers such as Plaintiff and the Teachers Class members who are requested and/or required to teach additional instructional periods. However, the Board, and individual Defendants Johnson, Orr, Jones, Lake, Calvin, Squires, Smalley, and Presley, wrongfully, willfully, fraudulently, maliciously, in bad faith, beyond their respective authority, and/or under a mistaken interpretation of the law, did not follow Alabama law, or the Board's own policies, habit, custom, and practice when assigning the additional Virtual classes, work, and duties to the Plaintiff and the Teachers Class members.

123.   In addition, the Board, and individual Defendants Johnson, Orr, Jones, Lake, Calvin, Squires, Smalley, and Presley, wrongfully, willfully, fraudulently, maliciously, in bad faith, beyond their respective authority, and/or under a mistaken interpretation of the law, failed to follow Board Policy 6.11, which sets the working hours for employees of TCSS, by, among other things, requiring the Plaintiff, and each of the members of the Teachers Class, to prepare for and teach the Virtual

classes in addition to the On-Campus classes which they were hired to teach.

124.   In addition, by failing and/or refusing to provide the Plaintiff, and each of the members of the Teachers Class, with compensation for teaching the additional Virtual classes, the Board, and individual Defendants Johnson, Orr, Jones, Lake, Calvin, Squires, Smalley, Presley, and Higdon, wrongfully, willfully, fraudulently, maliciously, in bad faith, beyond their respective authority, and/or under a mistaken interpretation of the law failed to comply with the Board's duly-adopted Salary Schedules.

125.   The actions of each of the Board, and individual Defendants Johnson, Orr, Jones, Lake, Calvin, Squires, Smalley, Presley, and Higdon, which were taken wrongfully, willfully, fraudulently, maliciously, in bad faith, beyond their respective authority, and/or under a mistaken interpretation of the law, have deprived Plaintiff and each of the members of the Teachers Class of their property interest in their employment without due process of law.

126.   Moreover, in failing to provide Plaintiff and each Teachers Class members with due process prior to a deprivation of their property interests in their employment, the Board, and individual Defendants Johnson, Orr, Jones, Lake, Calvin, Squires, Smalley, Presley, and Higdon, have also wrongfully, willfully, fraudulently, maliciously, in bad faith, beyond their respective authority, and/or under a mistaken interpretation of the law, failed to comply with the Board's

Policies, including but not limited to Board Policy 6.11 and the Board's duly adopted Salary Schedules.

127.   Such actions of the Board, and individual Defendants Johnson, Orr, Jones, Lake, Calvin, Squires, Smalley, Presley, and Higdon, are null and void in that they were taken wrongfully, willfully, fraudulently, maliciously, in bad faith, beyond their respective authority, and/or under a mistaken interpretation of the law, and in violation of rights afforded the Plaintiff and the Teachers Class members under state law, Board policy, habit, custom and practice, and in violation of the due process rights provided to Plaintiff and the Teachers Class members under the Alabama Constitution.

128.   The Board's, and individual Defendants Johnson's, Orr's, Jones', Lake's, Calvin's, Squires', Smalley's, Presley's, and Higdon's actions constitute unlawful, unreasonable, capricious, and arbitrary conduct, and are an abuse of Defendants Johnson's, Orr's, Jones', Lake's, Calvin's, Squires', Smalley's, Presley's, and Higdon's official power and discretion and are also an arbitrary or capricious exercise of said discretion.

129.   As a result of the Board's and Defendants Johnson's, Orr's, Jones', Lake's, Calvin's, Squires', Smalley's, Presley's, and Higdon's actions as more fully set out herein above, the Plaintiff, and each of the members of the Teachers Class, has suffered, and will continue to suffer, damages in that each has lost compensation

(both present and future wages with lost time and retirement credit), has lost time with his/her families, has had to seek legal counsel, has been caused, and will be caused, mental and emotional pain and anguish, and has been caused, or will be caused, financial injury by the loss of compensation.

130.   Furthermore, Defendant Johnson has recommended to the Board, and the Board and individual Defendants Orr, Jones, Lake, Calvin, Squires, Smalley, and Presley have now approved, both the purchase of the Edgenuity system for Virtual Students, and payment to certain TCSS personnel of stipend to act as Edgenuity "Remote Learning Coaches," even though the Remote Learning Coaches do not actually prepare for or teach the on-line classes to the Virtual Students, nor grade assignments and tests, but rather monitor attendance of the Virtual Students by checking on log-ins by the Virtual Students, and act as a point of contact for the Virtual Students.

131. The Edgenuity system does not provide classes for advanced placement, special education, vocational education, foreign language, and numerous elective classes, thus requiring teachers who taught those classes to continue using the Schoology system.

132.   Furthermore, the Edgenuity system was not used for the large number of On-Campus Students sent home during the 2020-2021 academic year to quarantine due to the COVID-19 Pandemic, meaning that the Plaintiff and members

of the Teachers Class have had to continue using the virtual Schoology system to teach the quarantined students, again requiring Plaintiff and the Teachers Class members to perform significantly more teaching duties and work, and teach additional Virtual classes.

133.   The Plaintiff does not receive any stipend or additional compensation for teaching these Virtual classes.

134.   The members of the Teachers Class do not receive any stipend or additional compensation for teaching Virtual classes, except for those Teachers Class members who teach classes for which Edgenuity does not have pre-programmed classes (such as advanced placement classes, special education classes, vocational education classes, foreign language classes, physical education classes, and other elective classes) and whom the Defendants are now paying some pro rata compensation.

135.   The actions of the Board, and individual Defendants Johnson, Orr, Jones, Lake, Calvin, Squires, Smalley, Presley, and Higdon have been, and are as threatened to be, in violation of the Constitution of Alabama.

**WHEREFORE, THE PREMISES CONSIDERED**, Plaintiff, individually and on behalf of the members of the Teachers Class, requests that this Honorable Court find in favor of the Plaintiff and require the Board and individual Defendants Johnson, Orr, Jones, Lake, Calvin, Squires, Smalley, and Presley, to stop requiring

Plaintiff and the members of the Teachers Class to teach the Virtual Classes in addition to the On-Campus instructional periods for which he/she was hired.  The Plaintiff, individually and on behalf of the members of the Teachers Class, further seeks an order requiring the Board and individual Defendants Johnson, Orr, Jones, Lake, Calvin, Squires, Smalley, Presley, and Higdon, to properly compensate Plaintiff and each of the Teachers Class members moving forward, for the additional work he/she is required to perform, in accordance with the Board's policies and salary schedules and Alabama law, and provide the additional required time, credit and contributions to the TRSA on behalf of the Plaintiff and the members of the Teacher Class. The Plaintiff further requests that this Honorable Court award unto the Plaintiff and the Teachers Class members, all allowable damages which are recoverable in such an amount as may be awarded due to the Defendants' violation of the Alabama Constitution.  The Plaintiff, individually and on behalf of the members of the Teachers Class, further prays for any and all such other, further or additional relief, general or special, as to the Court may seem wise and proper in consideration of the relevant facts and circumstances.

## COUNT 2
## DENIAL OF DUE PROCESS UNDER THE FEDERAL CONSTITUTION

136.   The Plaintiff repeats and realleges paragraphs 19-101 in this Complaint as if fully set forth herein.

137.   The Plaintiff, and the members of the Teachers Class, enjoy certain due

process and equal protection rights pursuant to state law, the Board's Policies, and state and federal constitutions. The Board and individual Defendants Johnson, Orr, Jones, Lake, Calvin, Squires, Smalley, Presley, and Higdon, acting individually and in their official capacities, have denied Plaintiff and the Teacher Class members such procedural safeguards and rights of due process and equal protection.

138.   Under Alabama law, teachers are entitled to certain fundamental fairness and due process in relation to their employment and the terms thereof.  (See Students First Act, codified at Ala. Code §§16-24C-1, *et seq.*)

139.   The Fifth Amendment to the United States Constitution further provides that a person shall not "be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation."  U.S. Const. amend. V.

140.   The Fifth Amendment has been made applicable apply to actions by states via the Fourteenth Amendment to the United States Constitution. Webb's Fabulous Pharmacies, Inc. v. Beckwith, 449 U.S. 155, 160 (U.S. 1980) ("That prohibition, of course, applies against the States through the 14th Amendment.")

141.   The Fourteenth Amendment to the United States Constitution provides that a state shall not "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, §1.

142.   This prohibition on deprivation of a property interest without due

process of law extends to subdivisions of the states. <u>State Tenure Commission v.</u> <u>Page</u>, 777 So.2d 126, 130–31 (Ala. Civ. App. 2000) ("The State of Alabama or any subdivision thereof is forbidden by the Fourteenth Amendment to the United States Constitution from taking a person's property without providing that person due process of law.").

143.   The Plaintiff, and each of the members of the Teachers Class, have a property right in their employment, and they cannot be deprived of such rights without due process of law.

144.   Furthermore, changes in employment status, including changes in compensation, implicate property interests in public employment.

145.   The Plaintiff and each of the Teachers Class members has experienced a change in her employment status in that the Board and individual Defendants Johnson, Orr, Jones, Lake, Calvin, Squires, Smalley, Presley, and Higdon, acting individually and in their official capacities, have required Plaintiff and Teachers Class members to teach Virtual classes in addition to the On-Campus, in-person classes for which Plaintiff and the Teachers Class members were hired, significantly increasing each person's workload and teaching duties, without provision of compensation therefor, and thus each person's compensation has been significantly reduced.

146.   The Board and individual Defendants Johnson, Orr, Jones, Lake,

Calvin, Squires, Smalley, and Presley, acting individually and in their official capacities, have effectively transferred the Plaintiff and each of the Teachers Class members to an additional position, and/or effected a partial termination of the Plaintiff and each of the Teachers Class members, by requiring them to teach both as a full-time On-Campus teacher and a full-time Virtual teacher, significantly expanding the number of instructional periods the Plaintiff and each of the Teachers Class members is required to prepare for and teach beyond that for which each was hired, and causing each to perform the duties of multiple teachers, without any compensation therefor, and thus significantly reducing the Plaintiff's and the Teachers Class members' pay.

147.   The Board and individual Defendants Johnson, Orr, Jones, Lake, Calvin, Squires, Smalley, and Presley, acting individually and in their official capacities, took these actions without providing any due process to any of the Plaintiff and Teachers Class members.

148.   Under the Students First Act, Plaintiff and the Teachers Class members cannot be involuntarily assigned or transferred to a position which provides for lower compensation without first being provided certain substantive and procedural due process, including but not limited to notice prior to any action being taken, as well as an opportunity to respond and/or have a hearing. Ala. Code §16-24C-7.

149.   In addition, under Alabama law, including but not limited to the

Students First Act, Plaintiff and the Teachers Class members cannot be involuntarily assigned and/or transferred to a position which provides for lower compensation unless the Superintendent first makes a recommendation for such transfer and the Defendant members of the Board then approve said recommendation after providing Plaintiff and the Teachers Class members with substantive and procedural due process. Ala. Code §16-24C-7.

150. Defendant Johnson had a legal duty to comply with the Students First Act and Alabama law, and to recommend to the Board that the Plaintiff and Teachers Class members be transferred to and/or assigned the additional Virtual classes, before effectuating the transfers and requiring the Plaintiff and Teachers Class members to teach the additional Virtual classes. Defendants Johnson and Higdon further had a legal duty to recommend that the Board compensate the Plaintiff and Teachers Class members for the additional Virtual classes, and that additional time, credits and/or contributions be made to the TRSA on behalf of the Plaintiff and Teachers Class members for the additional Virtual classes.

151. Defendants Johnson and Higdon, wrongfully, willfully, fraudulently, maliciously, in bad faith, beyond their respective authority, and/or under a mistaken interpretation of the law, failed to recommend to the Board that the Plaintiff and Teachers Class members be transferred to and/or assigned the additional Virtual classes, or that the Board compensate the Plaintiff and Teachers Class members for

the additional Virtual classes, or that additional  time, credits and/or contributions be made to the TRSA on behalf of the Plaintiff and Teachers Class members for the additional Virtual classes.

152.   The Defendant Board and Defendants Orr, Jones, Lake, Calvin, Squires, Smalley, and Presley, had a legal duty to comply with the Students First Act, Alabama law, and the due process protections provided to Plaintiff and the Teachers Class members under the Alabama Constitution and the United States Constitution.

153.   The Defendant Board and individual Board member Defendants Orr, Jones, Lake, Calvin, Squires, Smalley, and Presley, wrongfully, willfully, fraudulently, maliciously, in bad faith, beyond their respective authority, and/or under a mistaken interpretation of the law, failed to approve that the Plaintiff and Teachers Class members be transferred to and/or assigned the additional Virtual classes, or that the Board compensate the Plaintiff and Teachers Class members for the additional Virtual classes, or that additional  contributions and/or time, credits or contributions be made to the TRSA on behalf of the Plaintiff and Teachers Class members for the additional Virtual classes.

154.   Defendant Board and individual Board member Defendants Orr, Jones, Lake, Calvin, Squires, Smalley, and Presley, wrongfully, willfully, fraudulently, maliciously, in bad faith, beyond their respective authority, and/or under a mistaken

interpretation of the law, failed to provide the Plaintiff and the Teachers Class members the due process to which they are entitled, failed to require Defendant Johnson to follow the Students First Act and make the required recommendations as to Plaintiff and the Teachers Class members, and failed to require Defendants Johnson and Higdon to pay the Plaintiff and the Teachers Class members for the additional Virtual classes and to process and make the additional time, credits and/or contributions to the TRSA on behalf of the Plaintiff and Teachers Class members for the additional Virtual classes.

155.   Defendants Johnson and Higdon, had a legal duty to comply with Alabama law and to perform the ministerial duties of paying the Plaintiff and the Teachers Class members for teaching the additional Virtual classes and processing and making the additional time, credits and/or contributions to the TRSA on behalf of the Plaintiff and Teachers Class members for the additional Virtual classes.

156.   Defendants Johnson and Higdon, wrongfully, willfully, fraudulently, maliciously, in bad faith, beyond their respective authority, and/or under a mistaken interpretation of the law, failed to perform the ministerial duties of paying the Plaintiff and the Teachers Class members for teaching the additional Virtual classes and processing and making the additional time, credits and/or contributions to the TRSA on behalf of the Plaintiff and Teachers Class members for the additional Virtual classes.

157.   In addition, it has been the Board's policy, habit, custom, and practice to have the Superintendent recommend to the Board, and the Board to approve, additional compensation for teachers, such as Plaintiff and the Teachers Class members, who are requested and/or required to teach additional instructional periods.  However, the Board, and individual Defendants Johnson, Orr, Jones, Lake, Calvin, Squires, Smalley, and Presley, acting in their individual and official capacities, did not follow the Board's own policies, habit, custom, and practice when assigning the additional Virtual classes, work, and duties to the Plaintiff and Teachers Class members.

158.   In addition, the Board and individual Defendants Johnson, Orr, Jones, Lake, Calvin, Squires, Smalley, and Presley, wrongfully, willfully, fraudulently, maliciously, in bad faith, beyond their respective authority, and/or under a mistaken interpretation of the law, failed to follow Board Policy 6.11, which sets the working hours for employees of TCSS, by, among other things, requiring the Plaintiff, and each of the members of the Teachers Class, to prepare for and teach the Virtual classes in addition to the On-Campus classes which they were hired to teach.

159.   In addition, by failing and/or refusing to provide the Plaintiff, and each of the members of the Teachers Class, with compensation for teaching the additional Virtual classes, the Board and individual Defendants Johnson, Orr, Jones, Lake, Calvin, Squires, Smalley, Presley, and Higdon, acting in their individual and official

capacities, wrongfully, willfully, fraudulently, maliciously, in bad faith, beyond their respective authority, and/or under a mistaken interpretation of the law, failed to comply with the Board's duly-adopted Salary Schedules.

160.  The actions of the Board and individual Defendants Johnson, Orr, Jones, Lake, Calvin, Squires, Smalley, Presley, and Higdon, acting in their individual and official capacities, , individually and collectively, have thus deprived Plaintiff and each of the members of the Teachers Class of their property interest in their employment without due process of law.

161.  Such actions of the Board and individual Defendants Johnson, Orr, Jones, Lake, Calvin, Squires, Smalley, Presley, and Higdon, acting in their individual and official capacities, are null and void in that they were taken in violation of rights afforded the Plaintiff and each of the members of the Teachers Class under state law, as well as Board policy, habit, custom and practice.

162.  The Board's and individual Defendants Johnson's, Orr's, Jones', Lake's, Calvin's, Squires', Smalley's, Presley's, and Higdon's actions constitute unlawful, unreasonable, capricious, and arbitrary conduct and are an abuse of the Board's and Defendants Johnson's, Orr's, Jones', Lake's, Calvin's, Squires', Smalley's, Presley's, and Higdon's official power and discretion and are also an arbitrary or capricious exercise of the Defendants' discretion.

163.  As a result of the Board's and Defendants Johnson's, Orr's, Jones',

Lake's, Calvin's, Squires', Smalley's, Presley's, and Higdon's actions as more fully set out herein above, the Plaintiff, and each of the members of the Teachers Class, has suffered, and will continue to suffer, damages in that each has lost compensation (both present and future wages, and lost time and retirement credit), has lost time with his/her families, has had to seek legal counsel, has been caused, and will be caused, mental and emotional pain and anguish, and has been caused, or will be caused, financial injury by the loss of compensation.

164.   Furthermore, Defendant Johnson has recommended to the Board, and the Board and individual Defendants Orr, Jones, Lake, Calvin, Squires, Smalley, and Presley have now approved, both the purchase of the Edgenuity system for Virtual Students, and payment to certain TCSS personnel of  stipend to act as Edgenuity "Remote Learning Coaches," even though the Remote Learning Coaches do not actually prepare for or teach the on-line classes to the Virtual Students, nor grade assignments and tests, but rather simply monitor attendance of the Virtual Students by checking on log-ins by the Virtual Students, and act as a point of contact for the Virtual Students.

165. The Edgenuity system does not provide classes for advanced placement, special education, vocational education, foreign language, and numerous elective classes, thus requiring teachers who taught those classes to continue using the Schoology system.

166.   Furthermore, the Edgenuity system was not used for the large number of On-Campus Students sent home during the 2020-2021 academic year to quarantine due to the COVID-19 Pandemic, meaning that the Plaintiff and members of the Teachers Class have had to continue using the virtual Schoology system to teach the quarantined students, again requiring Plaintiff and the Teachers Class members to perform significantly more teaching duties and work, and teach additional Virtual classes.

167.   The Plaintiff does not receive any stipend or additional compensation for teaching the Virtual classes.

168.   The members of the Teachers Class do not receive any stipend or additional compensation for teaching Virtual classes, except for those Teachers Class members who teach classes for which Edgenuity does not have pre-programmed classes (such as advanced placement classes, special education classes, vocational education classes, foreign language classes, physical education classes, and other elective classes) and whom the Defendants are now paying some pro rata compensation.

169.   The actions of the Board, and individual Defendants Johnson, Orr, Jones, Lake, Calvin, Squires, Smalley, Presley, and Higdon, have been, and are as threatened to be, in violation of the Fifth and Fourteenth Amendments to the Constitution of the United States.

170.   The wrongful actions of the Board, and individual Defendants Johnson, Orr, Jones, Lake, Calvin, Squires, Smalley, Presley, and Higdon, in depriving Plaintiff and members of the Teachers Class of their rights of due process under the law were actions taken under color of state law.

171.   The wrongful actions of the Board, and individual Defendants Johnson, Orr, Jones, Lake, Calvin, Squires, Smalley, Presley, and Higdon, in depriving Plaintiff and members of the Teachers Class of their property interests without due process, were actions taken under color of state law.

172.   The Board, and individual Defendants Johnson, Orr, Jones, Lake, Calvin, Squires, Smalley, Presley, and Higdon, acting under color and authority of state law, have wrongfully, willfully, fraudulently, maliciously, in bad faith, beyond the respective authority, and/or under a mistaken interpretation of the law, denied the Plaintiff and the Teachers Class members their clear rights to due process of law. The Plaintiff therefore requests, for herself and the members of the Teachers Class, relief pursuant to 42 U.S.C. §1983, including attorneys' fees per 42 U.S.C. §1988.

173.   The Plaintiff, individually and on behalf of the members of the Teachers Class, seeks prospective injunctive relief against the Board, and individual Defendants Johnson, Orr, Jones, Lake, Calvin, Squires, Smalley, Presley, and Higdon, under 42 U.S.C. §1983 for the deprivation of Plaintiff's and the Teachers Class members' respective property interests in their employment without due

process of law.

174.  The Plaintiff, individually and on behalf of the members of the Teachers Class, seeks compensatory damages from the Board, and individual Defendants Johnson, Orr, Jones, Lake, Calvin, Squires, Smalley, Presley, and Higdon, for the damages caused to the Plaintiff and each of the members of the Teachers Class by the Board's, and individual Defendants Johnson's, Orr's, Jones', Lake's, Calvin's, Squires', Smalley's, Presley's, and Higdon's actions and omissions against Plaintiff and members of the Teachers Class, which were taken wrongfully, willfully, fraudulently, maliciously, in bad faith, beyond their respective authority, and/or under a mistaken interpretation of the law.

175.  The Plaintiff, individually and on behalf of the members of the Teachers Class, also seeks attorneys' fees, interest and costs pursuant to 42 U.S.C. §§ 1983 and 1988.

**WHEREFORE, THE PREMISES CONSIDERED**, the Plaintiff, individually and on behalf of the members of the Teachers Class, requests that this Honorable Court find in favor of the Plaintiff and the members of the Teachers Class, and award unto the Plaintiff and the members of the Teachers Class, all allowable damages, including compensatory, exemplary, punitive, treble damages, which are recoverable in such an amount as may be awarded due to the Board's, and individual Defendants Johnson's, Orr's, Jones', Lake's, Calvin's, Squires', Smalley's,

Presley's, and Higdon's violation of the Fifth and Fourteenth Amendments of the United States Constitution and violation of §§ 1983 and 1988 of the Title 42 of the United States Code.  The Plaintiff, individually and on behalf of the members of the Teachers Class, further seeks an order requiring the Board, and individual Defendants Johnson, Orr, Jones, Lake, Calvin, Squires, Smalley, Presley, and Higdon to properly compensate Plaintiff and each of the Teachers Class members moving forward, for the additional work he/she is required to perform, in accordance with the Board's policies and salary schedules and Alabama law, and provide the additional required time, credit and contributions to the TRSA on behalf of the Plaintiff and the members of the Teacher Class. Plaintiff further prays that she be awarded attorneys' fees under 42 U.S.C. §1983 and 42 U.S.C. § 1988.  The Plaintiff, individually and on behalf of the members of the Teachers Class, further prays for any and all such other, further or additional relief, general or special, as to the Court may seem wise and proper in consideration of the relevant facts and circumstances.

## COUNT 3
### 42 U.S.C. §1983

176.   The Plaintiff repeats and realleges paragraphs 19-101 in this Complaint as if fully set forth herein.

177.   The Plaintiff and each of the members of the Teachers Class, enjoy certain due process and equal protection rights pursuant to state law, Board Policy and state and federal constitutions. The Board, and individual Defendants Johnson,

Orr, Jones, Lake, Calvin, Squires, Smalley, Presley, and Higdon, acting under color of state law, have denied Plaintiffs and the members of the Teachers Class such procedural safeguards and rights of due process and equal protection.

178.   The Plaintiff, and each of the members of the Teachers Class, have a property right in their employment, and they cannot be deprived of such rights without due process of law.

179.   Furthermore, changes in employment status, including changes in compensation, implicate property interests in public employment.

180.   "Section 1983 imposes liability on any person who, under color of state law, deprives a person 'of any rights, privileges, or immunities secured by the Constitution and laws.'"   McKenzie v. Talladega City Board of Education, 242 F.Supp.3d 1244, 1253 (N.D. Ala. 2017)(quoting 42 U.S.C. §1983).

181.   The Plaintiff and the members of the Teachers Class have experienced a change in their employment status in that Defendants Johnson, Orr, Jones, Lake, Calvin, Squires, Smalley, Presley, and Higdon, acting under of color of state law, have required Plaintiff and each Teachers Class member to prepare for and teach Virtual classes in addition to the On-Campus classes for which each was hired, significantly increasing each person's workload and teaching duties, without provision of compensation therefor, and thus each person's compensation has been significantly reduced.

182.    Defendants Johnson, Orr, Jones, Lake, Calvin, Squires, Smalley, Presley, and Higdon have effectively transferred the Plaintiff and each of the Teachers Class members to an additional position, and/or effected a partial termination of the Plaintiff and each of the Teachers Class members, by requiring them to teach both as a full-time On-Campus teacher and a full-time Virtual teacher, significantly expanding the number of instructional periods the Plaintiff and each of the Teachers Class members is required to prepare for and teach beyond that for which each was hired, and causing each to perform the duties of multiple teachers, without any compensation therefor, and thus significantly reducing the Plaintiff's and the Teachers Class members' pay.

183.    Under Alabama law, including but not limited to the Students First Act, Plaintiff and the Teachers Class members cannot be involuntarily assigned or transferred to a position which provides for lower compensation (let alone no compensation as in this case) without first being provided certain substantive and procedural due process, including but not limited to notice prior to any action being taken, as well as an opportunity to respond and/or have a hearing. Ala. Code §16-24C-7.

184.    In addition, under Alabama law, including but not limited to the Students First Act, Plaintiff and the Teachers Class members cannot be involuntarily assigned and/or transferred to a position which provides for lower compensation

unless and until the Superintendent first makes a recommendation for such transfer and the Defendant members of the Board then approve said recommendation after providing Plaintiff and the Teachers Class members with the required substantive and procedural due process.  Ala. Code §16-24C-7.

185.   Defendant Johnson had a legal duty to comply with the Students First Act and Alabama law, and to recommend to the Board that the Plaintiff and Teachers Class members be transferred to and/or assigned the additional Virtual classes, before effectuating the transfers and requiring the Plaintiff and Teachers Class members to teach the additional Virtual classes.  Defendants Johnson and Higdon further had a legal duty to recommend that the Board compensate the Plaintiff and Teachers Class members for the additional Virtual classes, and that additional contributions and/or time, credits or contributions be made to the TRSA on behalf of the Plaintiff and Teachers Class members for the additional Virtual classes.

186.   Defendants Orr, Jones, Lake, Calvin, Squires, Smalley, and Presley, had a legal duty to comply with the Students First Act, Alabama law, and the due process protections provided to Plaintiff and the Teachers Class members under the Alabama Constitution and the United States Constitution.

187.  Defendants Johnson and Higdon, had a legal duty to comply with Alabama law and to perform the ministerial duties of paying the Plaintiff and the Teachers Class members for teaching the additional Virtual classes and processing

and making the additional contributions and/or time, credits or contributions to the TRSA on behalf of the Plaintiff and Teachers Class members for the additional Virtual classes.

188. Defendants Johnson, Jones, Lake, Calvin, Presley, Orr, Smalley, Squires, and Higdon, have acted wrongfully, willfully, fraudulently, maliciously, in bad faith, beyond their respective authority, and/or under a mistaken interpretation of the law, (a) by requiring Plaintiff and each of the members of the Teachers Class, to perform the duties of multiple teachers, (b) by requiring the Plaintiff and Teachers Class members to teach the Virtual classes in addition to teaching the On-Campus classes for which the Plaintiff and Teachers Class members were hired, (c) by failing and refusing to compensate Plaintiff and the Teachers Class members in accordance with the Board's policies and salary schedules and Alabama law for teaching the additional Virtual classes, (d) by failing and refusing to provide the additional required time, credit and contributions to the TRSA on behalf of the Plaintiff and the members of the Teacher Class for teaching the additional Virtual classes, (e) by failing to comply with the Board's duly-adopted policies, (f) by failing to comply with the requirements of the Students First Act and Alabama law before requiring the Plaintiff and Teachers Class members to teach the Virtual classes in addition to teaching the On-Campus classes for which the Plaintiff and Teachers Class members were hired, and (g) by failing to provide Plaintiff and each of the members of the

Teachers Class with the due process to which they are entitled under Alabama law, and the Alabama Constitution and the United States Constitution.

189.   Defendants Johnson, Jones, Lake, Calvin, Presley, Orr, Smalley, Squires, and Higdon have acted wrongfully, willfully, fraudulently, maliciously, in bad faith, beyond their respective authority, and/or under a mistaken interpretation of the law, by reducing Plaintiff's and each Teachers Class member's compensation without complying with the due process requirements of state and federal law, including but not limited to the Students First Act.

190.   Defendant Johnson did not recommend to the Board, and Defendants Jones, Lake, Calvin, Presley, Orr, Smalley, and Squires did not approve, for the additional Virtual classes to be assigned to Plaintiff, and each of the members of the Teachers Class, in violation of Board policy and of the Students First Act.

191.   Although it is the Board's well-established habit, custom, and practice to have the Superintendent recommend to the Board, and the Board to approve, additional compensation for teachers who are requested and/or required to prepare for and teach additional instructional periods, Defendants Johnson, Jones, Lake, Calvin, Presley, Orr, Smalley, and Squires wrongfully, willfully, fraudulently, maliciously, in bad faith, beyond their respective authority, and/or under a mistaken interpretation of the law failed to follow this habit, custom, practice, and policy when assigning the additional instructional periods, classes, work, and hours to the

Plaintiff and the members of the Teachers Class.

192.   Further, although it is well-established under Alabama law that boards of education are required to comply with their duly-adopted policies, Defendants Johnson, Jones, Lake, Calvin, Presley, Orr, Smalley, Squires, and Higdon wrongfully, willfully, fraudulently, maliciously, in bad faith, beyond their respective authority, and/or under a mistaken interpretation of the law failed to follow TCSS Policy 6.11, by, among other things, requiring each of the Plaintiffs, and the members of the Teachers Class, to prepare for and teach significantly more instructional periods than they were hired to teach.

193.   In addition, by failing and/or refusing to provide each of the Plaintiffs, and the members of the Teachers Class, with compensation for the additional Virtual classes, Defendants Johnson, Jones, Lake, Calvin, Presley, Orr, Smalley, Squires, and Higdon wrongfully, willfully, fraudulently, maliciously, in bad faith, beyond their respective authority, and/or under a mistaken interpretation of the law, failed to comply with the Board's duly-adopted Salary Schedules, as well as provide the additional required time, credit and contributions to the TRSA on behalf of the Plaintiff and the members of the Teacher Class

194.   As the Superintendent of the TCSS, the members of the Board, and the CSFO of the TCSS, respectively, Defendants Johnson, Jones, Lake, Calvin, Presley, Orr, Smalley, Squires, and Higdon, well knew or should have known that they were

required to comply with the Board's duly-adopted policies and salary schedules, as well as the Students First Act and other Alabama law when taking action in relation to the Plaintiffs' and the Teachers Class members' employment and compensation, including but not limited to provision of time, credit and contributions to the TRSA.

195.   The actions of each of Defendants Johnson, Jones, Lake, Calvin, Presley, Orr, Smalley, Squires, and Higdon have thus deprived each Plaintiff and the members of the Teachers Class of their property interest in their employment without due process of law.

196.   Further, by failing to comply with the Board's duly-adopted policies and Salary Schedules, and by failing to comply with the Students First Act and other Alabama law, when taking their actions against the Plaintiffs and the members of the Teachers Class, Defendants Johnson, Jones, Lake, Calvin, Presley, Orr, Smalley, Squires, and Higdon acted beyond their authority.

197.   The wrongful actions of Defendants Johnson, Jones, Lake, Calvin, Presley, Orr, Smalley, Squires, and Higdon in depriving Plaintiff and the members of the Teachers Class of their rights of due process under the law were actions taken under color of state law.

198.   Plaintiff and the members of the Teachers Class have been denied their clear rights to due process of law guaranteed pursuant to state law by Defendants Johnson, Jones, Lake, Calvin, Presley, Orr, Smalley, Squires, and Higdon, who have

acted under color and authority of state law.  Plaintiffs therefore requests, for herself and each of the members of the Teachers Class, relief pursuant to 42 U.S.C. §1983, including attorneys' fees per 42 U.S.C. §1988.

199.   The Plaintiff, individually and on behalf of the members of the Teachers Class, seeks prospective injunctive relief against Defendants Johnson, Jones, Lake, Calvin, Presley, Orr, Smalley, Squires, and Higdon under 42 U.S.C. §1983 for the deprivation of Plaintiff's and the Teachers Class members' respective property interests in their employment without due process of law.

200.   The Plaintiff, individually and on behalf of each of the Teachers Class members, seeks compensatory damages from Defendants Johnson, Jones, Lake, Calvin, Presley, Orr, Smalley, Squires, and Higdon for the damages caused to the Plaintiff and the members of the Teachers Class by the Defendants' actions against Plaintiff and the members of the Teachers Class, which were taken wrongfully, willfully, fraudulently, maliciously, in bad faith, beyond their respective authority, and/or under a mistaken interpretation of the law.

201.   The Plaintiff, individually and on behalf of the Teachers Class members, also seeks attorneys' fees, interest and costs pursuant to 42 U.S.C. §§ 1983 and 1988.

202.   Defendants Johnson, Jones, Lake, Calvin, Presley, Orr, Smalley, Squires, and Higdon are being sued in their individual capacities, as they, while

acting under color of state law, knowingly, wrongfully, willfully, intentionally fraudulently, in bad faith, beyond their respective authority, and in violation of Alabama law, took the above-listed actions against Plaintiff and the Teachers Class members.

**WHEREFORE, THE PREMISES CONSIDERED**, the Plaintiff, individually and on behalf of the members of the Teachers Class, requests that this Honorable Court find in favor of the Plaintiffs and award unto the Plaintiff and against Defendants Johnson, Jones, Lake, Calvin, Presley, Orr, Smalley, Squires, and Higdon, in their individual capacities, all allowable damages, including compensatory, exemplary, punitive, and treble damages, attorney fees, costs and all other allowable damages which are recoverable in such an amount as may be awarded due to Defendants Johnson's, Orr's, Jones', Lake's, Calvin's, Squires', Smalley's, Presley's, and Higdon's violation of the Fifth and Fourteenth Amendments of the United States Constitution and violation of §§ 1983 and 1988 of the Title 42 of the United States Code, including without limitation, compensation for the Plaintiff and each of the Teachers Class members, for the additional work he/she has been, is currently and/or is required to perform, in accordance with the Board's policies and salary schedules and Alabama law, and provide the additional required time, credit and contributions to the TRSA on behalf of the Plaintiff and the members of the Teachers Class for the additional work that each has performed, is performing or

will perform in the future. Plaintiff further prays that she be awarded attorneys' fees under 42 U.S.C. §1983 and 42 U.S.C. § 1988.  Plaintiff, individually and on behalf of the members of the Teachers Class, further prays for any and all such other, further or additional relief, general or special, as to the Court may seem wise and proper in consideration of the relevant facts and circumstances.

## COUNT 4
## BREACH OF CONTRACT

203.    The Plaintiff repeats and realleges paragraphs 19-101 in this Complaint as if fully set forth herein.

204.    Plaintiff and the members of the Teachers Class, are each employees of TCSS and public school teachers.

205.    Plaintiff and members of the Teachers Class were hired by Defendants to teach a full day of in-person, On-Campus classes.

206.    The terms of Plaintiff's and Teachers Class members' employment with TCSS require each of them to be at work at their assigned school fifteen minutes prior to the beginning of the instructional day at each teacher's assigned school through fifteen minutes after the end of the instructional day at that school.

207.    Historically, each of the teachers employed in the middle schools and the high schools of the TCSS, teach students during six class periods each day, and also have one (1) preparatory period (as well as lunch), for a total of seven (7) periods.

208.   During the 2020-2021 school year, the Defendants have required the Plaintiff and the members of the Teachers Class to teach a full day of instruction in person to the On-Campus Students at their assigned schools.

209.   During the 2020-2021 school year, Defendants Johnson, Jones, Lake, Calvin, Presley, Orr, Smalley, Squires and Higdon, have willfully, fraudulently, maliciously, in bad faith, beyond their respective authority, and/or in their mistaken interpretation of the law, have, in addition to requiring the Plaintiff and the Teachers Class members to teach the in-person, On-Campus classes for which the Plaintiff and the members of the Teachers Class were hired and for which they are compensated, also improperly assigned to and required the Plaintiff and the Teachers Class members to teach the Virtual classes to the Virtual Students.

210.   The Plaintiff, and each of the members of the Teachers Class, has performed the duties and taught the On-Campus classes she/he was hired to do, as well as teaching the additional Virtual classes and performing the additional duties and work required of them by the Defendant Board, and Defendants Johnson, Jones, Lake, Calvin, Presley, Orr, Smalley, Squires and Higdon.

211.   Defendants Johnson, Jones, Lake, Calvin, Presley, Orr, Smalley, Squires and Higdon have willfully, fraudulently, maliciously, in bad faith, beyond their respective authority, and/or under a mistaken interpretation of the law, significantly increased Plaintiff's and each of the Teachers Class members' duties,

classes, work, and instructional periods far beyond the requirements of the position for which he/she was hired, and for which each was paid.

212.   Defendants Johnson, Jones, Lake, Calvin, Presley, Orr, Smalley, Squires and Higdon have willfully, fraudulently, maliciously, in bad faith, beyond their respective authority, and/or under a mistaken interpretation of the law, failed and refused to compensate the Plaintiff and the Teachers Class members for teaching the additional Virtual classes.

213.   Defendants Johnson, Jones, Lake, Calvin, Presley, Orr, Smalley, Squires and Higdon have willfully, fraudulently, maliciously, in bad faith, beyond their respective authority, and/or under a mistaken interpretation of the law, failed and refused to provide time, credit or contributions to the TRSA for the Plaintiff and the Teachers Class members for teaching the additional Virtual classes.

214.   By requiring the Plaintiff and Teachers Class members to teach the additional Virtual classes without providing them any compensation for teaching those classes and without providing time, credit and contributions to TRSA on behalf of the Plaintiff and members of the Teachers Class for teaching those Virtual classes, Defendants Johnson, Jones, Lake, Calvin, Presley, Orr, Smalley, Squires, and Higdon have willfully, fraudulently, maliciously, in bad faith, beyond their respective authority, and/or in their mistaken interpretation of the law reduced the Plaintiff's and the Teachers Class members' compensation below the amounts set

forth in the Board's duly-adopted Salary Schedules and below the amount of compensation to which the Plaintiff and each of the members of the Teachers Class is entitled pursuant to their employment with TCSS, and below the required TRSA levels of time, credit and contributions for the additional work performed.

215.   Defendants Johnson, Jones, Lake, Calvin, Presley, Orr, Smalley, Squires, and Higdon have willfully, maliciously, fraudulently, in bad faith, beyond their respective authority, and/or under a mistaken interpretation of the law, breached and continue to breach their contracts with Plaintiff and Teachers Class members.

216.   The breaches by Defendants Johnson, Jones, Lake, Calvin, Presley, Orr, Smalley, Squires and Higdon, have caused Plaintiff and the members of the Teachers Class to suffer damages.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, individually and on behalf of the members of the Teachers Class, respectfully request that this Honorable Court order Defendants Johnson, Jones, Lake, Calvin, Presley, Orr, Smalley, Squires, and Higdon to stop requiring the Plaintiff and the members of the Teachers Class to teach the Virtual classes in addition to the in-person On-Campus classes which each was hired to teach, and to properly compensate them moving forward for the additional work and teaching each is required to perform.  The Plaintiff, individually and on behalf of the members of the Teachers Class, further seeks any

and all such other, further or additional relief, general or special, as to the Court may deem wise and proper under law in consideration of the relevant facts and circumstances.

## COUNT 5
## VIOLATION OF STUDENTS FIRST ACT

217.    The Plaintiff repeats and realleges paragraphs 19-101 in this Complaint as if fully set forth herein.

218.    The Plaintiff and Teachers Class members, as well as each of the Defendants, are subject to the requirements of the Students First Act, codified at Sections 16-24C-1, *et seq.* of the Code of Alabama.

219.    The Plaintiff and each of the Teachers Class members has experienced a change in his/her employment status in that the Board and individual Defendants Johnson, Jones, Lake, Calvin, Presley, Orr, Smalley, Squires, and Higdon, have willfully, fraudulently, maliciously, in bad faith, beyond their respective authority, and/or in their mistaken interpretation of the law, required Plaintiff and the Teachers Class members to teach Virtual classes in addition to the On-Campus, in-person classes for which they were hired, significantly increasing each person's workload and teaching duties, without provision of compensation therefor, and have thus significantly reduced each person's compensation.

220.   The Board and individual Defendants Johnson, Orr, Jones, Lake, Calvin, Squires, Smalley, and Presley, have willfully, fraudulently, maliciously, in

bad faith, beyond their respective authority, and/or in their mistaken interpretation of the law, effectively assigned and/or transferred the Plaintiff and each of the Teachers Class members to an additional position and/or effected a partial termination of the Plaintiff and each of the Teachers Class members, by requiring them to teach as a full-time On-Campus teacher and a full-time Virtual teacher, significantly expanding the number of instructional periods the Plaintiff and each of the Teachers Class members is required to prepare for and teach beyond that for which each was hired, and causing each to perform the duties of multiple teachers, without any additional compensation therefor, and thus significantly reducing the Plaintiff's and each of the Teachers Class members' pay.

221.   Under the Students First Act, Plaintiff and the Teachers Class members cannot be involuntarily assigned and/or transferred to a position which provides for lower compensation without first being provided certain substantive and procedural due process, including but not limited to notice prior to any action being taken, as well as an opportunity to respond and/or have a hearing before the Board. Ala. Code §16-24C-7.

222.   In addition, under the Students First Act, Plaintiff and the Teachers Class members cannot be involuntarily assigned and/or transferred to a position which provides for lower compensation unless the Superintendent first makes a recommendation for such transfer and the Defendant members of the Board thenb

approve said recommendation after providing Plaintiff and the Teachers Class members with the required substantive and procedural due process.  Ala. Code §16-24C-7.

223.   Furthermore, it has been the Board's habit, custom, practice, and policy to have the Superintendent recommend to the Board, and the Board to approve, additional compensation for teachers who are requested and/or required to teach additional instructional periods.

224.   Defendant Johnson had a legal duty to comply with the Students First Act and Alabama law, and to recommend to the Board that the Plaintiff and Teachers Class members be transferred to and/or assigned the additional Virtual classes, before effectuating the transfers and requiring the Plaintiff and Teachers Class members to teach the additional Virtual classes.  Defendants Johnson and Higdon further had a legal duty to recommend that the Board compensate the Plaintiff and Teachers Class members for the additional Virtual classes, and that additional contributions and/or time, credits or contributions be made to the TRSA on behalf of the Plaintiff and Teachers Class members for the additional Virtual classes.

225.   Defendants Johnson and Higdon, wrongfully, willfully, fraudulently, maliciously, in bad faith, beyond their respective authority, and/or under a mistaken interpretation of the law, failed to recommend to the Board that the Plaintiff and Teachers Class members be transferred to and/or assigned the additional Virtual

classes, or that the Board compensate the Plaintiff and Teachers Class members for the additional Virtual classes, or that additional contributions and/or time, credits or contributions be made to the TRSA on behalf of the Plaintiff and Teachers Class members for the additional Virtual classes.

226.   The Defendant Board and individual Defendants Orr, Jones, Lake, Calvin, Squires, Smalley, and Presley, had a legal duty to comply with the Students First Act, Alabama law, and the due process protections provided to Plaintiff and the Teachers Class members under the Alabama Constitution and the United States Constitution.

227.   The Defendant Board and individual Board member Defendants Orr, Jones, Lake, Calvin, Squires, Smalley, and Presley, wrongfully, willfully, fraudulently, maliciously, in bad faith, beyond their respective authority, and/or under a mistaken interpretation of the law, failed to approve that the Plaintiff and Teachers Class members be transferred to and/or assigned the additional Virtual classes, or that the Board compensate the Plaintiff and Teachers Class members for the additional Virtual classes, or that additional contributions and/or time, credits or contributions be made to the TRSA on behalf of the Plaintiff and Teachers Class members for the additional Virtual classes.

228.   The Defendant Board and Defendants Orr, Jones, Lakes, Calvin, Squires, Smalley, and Presley, wrongfully, willfully, fraudulently, maliciously, in

bad faith, beyond their respective authority, and/or under a mistaken interpretation of the law, failed to require Defendant Johnson to follow the Students First Act and make the required recommendations as to Plaintiff and the Teachers Class members, and failed to require Defendants Johnson and Higdon to pay the Plaintiff and the Teachers Class members for the additional Virtual classes and to process and make the additional contributions and/or time, credits or contributions to the TRSA on behalf of the Plaintiff and Teachers Class members for the additional Virtual classes.

229.   Defendants Johnson and Higdon, had a legal duty to comply with Alabama law and to perform the ministerial duties of paying the Plaintiff and the Teachers Class members for teaching the additional Virtual classes and processing and making the additional contributions and/or time, credits or contributions to the TRSA on behalf of the Plaintiff and Teachers Class members for the additional Virtual classes.

230.   Defendants Johnson and Higdon, wrongfully, willfully, fraudulently, maliciously, in bad faith, beyond their respective authority, and/or under a mistaken interpretation of the law, failed to perform the ministerial duties of paying the Plaintiff and the Teachers Class members for teaching the additional Virtual classes and processing and making the additional contributions and/or time, credits or contributions to the TRSA on behalf of the Plaintiff and Teachers Class members for the additional Virtual classes.

231.   By requiring the Plaintiff and the Teachers Class members to teach the Virtual classes in addition to each of their regular, full load, of in-person On-Campus classes, and without any additional compensation therefor and/or any additional time, credit or contributions to the TRSA, the Board and individual Defendants Johnson, Orr, Jones, Lake, Calvin, Squires, Smalley, and Presley,  effectively assigned and/or transferred the Plaintiff and each of the Teachers Class members to an additional position and/or effected a partial termination of the Plaintiff and each of the Teachers Class members, by requiring them to teach as a full-time On-Campus teacher and a full-time Virtual teacher, significantly expanding the number of instructional periods the Plaintiff and each of the Teachers Class members is required to prepare for and teach beyond that for which each was hired, and causing each to perform the duties of multiple teachers, without any additional compensation therefor, and thus significantly reducing the Plaintiff's and each of the Teachers Class members' pay, in violation of Alabama law.

232.   In addition, under Alabama law, local boards of education are required to comply with their duly adopted policies and salary schedules.

233.   The Defendant Board and individual Defendants Johnson, Orr, Jones, Lake, Calvin, Squires, Smalley, and Presley willfully, fraudulently, maliciously, in bad faith, beyond their respective authority, and/or in their mistaken interpretation of the law, failed to follow Board Policy 6.11, which sets the working hours for

employees of TCSS, by, among other things, requiring the Plaintiff, and each of the members of the Teachers Class, to prepare for and teach the Virtual classes in addition to the On-Campus classes which they were hired to teach.

234.   In addition, by failing and/or refusing to provide the Plaintiff, and each of the members of the Teachers Class, with compensation for the additional teaching duties and work, the Defendant Board and individual Defendants Johnson, Orr, Jones, Lake, Calvin, Squires, Smalley, Presley, and Higdon willfully, fraudulently, maliciously, in bad faith, beyond their respective authority, and/or in their mistaken interpretation of the law, failed to comply with the Board's duly-adopted Salary Schedules.

235.   The actions of the Defendant Board and individual Defendants Johnson, Orr, Jones, Lake, Calvin, Squires, Smalley, Presley, and Higdon, have thus deprived Plaintiff and each of the members of the Teachers Class of their property interest in their employment without due process of law.

236.   As the Superintendent of the TCSS and the members of the Board, respectively, Defendants Johnson, Jones, Lake, Calvin, Presley, Orr, Smalley, and Squires, and Defendant Higdon as the CSFO of the TCSS, each well knew or should have known that they were required to comply with the Board's duly-adopted policies and salary schedules, as well as the Students First Act and other Alabama law when taking action in relation to the Plaintiff's and Teachers Class members'

employment and compensation.

237.   By failing to comply with the Board's duly-adopted policies and Salary Schedules, and by failing to comply with the Students First Act and other Alabama law, when taking their actions against the Plaintiffs and the members of the Teachers Class, Defendants Johnson, Jones, Lake, Calvin, Presley, Orr, Smalley, Squires, and Higdon acted wrongfully, willfully, fraudulently, maliciously, in bad faith, beyond their respective authority, and/or under a mistaken interpretation of the law.

238.   The above-listed actions of the Defendant Board and individual Defendants Johnson, Orr, Jones, Lake, Calvin, Squires, Smalley, Presley, and Higdon, are thus null and void in that they were taken in violation of Alabama law, as well as Board policy, custom, practice and procedure.

WHEREFORE PREMISES CONSIDERED, Plaintiff, individually and on behalf of the members of the Teachers Class, respectfully requests that this Honorable Court order the Defendant Board and individual Defendants Johnson, Orr, Jones, Lake, Calvin, Squires, Smalley, Presley, and Higdon, to stop requiring Plaintiff and the Teachers Class members to teach the Virtual classes in addition to the in-person On-Campus classes which each was hired to teach, and in accordance with the Board's policies and salary schedules and Alabama law, to properly compensate them moving forward for the additional work and teaching each is required to perform and to provide them with time during the school day and school

week to perform the additional work and teaching they are required to perform. The Plaintiff, individually and on behalf of the members of the Teachers Class, further seeks any and all such other, further or additional relief, general or special, as to the Court may deem wise and proper under law in consideration of the relevant facts and circumstances.

## COUNT 6
## MANDAMUS

239.   The Plaintiff repeats and realleges paragraphs 19-101 in this Complaint as if fully set forth herein.

240.   The Defendants have a legal duty to comply with the Students First Act and to provide Plaintiff and the Teachers Class members the due process provided by Alabama law, the Alabama Constitution, and the United States Constitution.

241.   The Board and Defendants Johnson, Jones, Lake, Calvin, Presley, Orr, Smalley, Squires and Higdon, each have a legal duty to comply with the Board's duly-adopted policies, including TCSS Policy 6.11.

242.   The Board and Defendants Johnson, Jones, Lake, Calvin, Presley, Orr, Smalley, Squires and Higdon further have a legal duty to comply with the Board's duly-adopted Salary Schedules and to pay the Plaintiff and each of the members of the Teachers Class, in accordance with said Salary Schedules for the work that they are required and/or requested by the Defendants to perform.

243.   The Board and Defendants Johnson, Jones, Lake, Calvin, Presley, Orr, Smalley, Squires and Higdon further have a legal duty to comply with the Board's duly-adopted Salary Schedules and to provide the required time, credits and contributions to the TRSA for the Plaintiff and each of the members of the Teachers Class, in accordance with the Board's policies, Alabama Law and Federal law.

244.   The Board and Defendants Johnson, Jones, Lake, Calvin, Presley, Orr, Smalley, Squires and Higdon have acted wrongfully, willfully, fraudulently, maliciously, in bad faith, beyond their respective authority, and/or under a mistaken interpretation of the law, by improperly assigning and requiring the Plaintiff and the members of the Teachers Class to teach the Virtual classes in addition to the in-person On-Campus classes for which the Plaintiff and the members of the Teachers Class were hired and for which they are compensated, thus requiring the Plaintiff and members of the Teachers Class to perform the teaching duties of multiple teachers, and to perform teaching duties and work well beyond the end of the school day each day and for many more hours than for which they were hired.

245.   The Board and Defendants Johnson, Jones, Lake, Calvin, Presley, Orr, Smalley, Squires, and Higdon have acted wrongfully, willfully, fraudulently, maliciously, in bad faith, beyond their respective authority, and/or under a mistaken interpretation of the law, by failing to comply with the Board's policies, and by failing to provide Plaintiff and each of the members of the Teachers Class with the

due process to which they are entitled under Alabama law, Federal law, the Alabama Constitution and the United States Constitution.

246.   Defendants Johnson, Jones, Lake, Calvin, Presley, Orr, Smalley, Squires and Higdon further have a ministerial duty to pay Plaintiff and the members of the Teachers Class for the work performed and classes and instructional periods taught by each for Defendants, and to provide the time, credits and contributions to the TRSA on behalf of the Plaintiff and the members of the Teacher Class for the work performed and classes and instructional periods taught by them.

247.   Mandamus is an appropriate remedy to compel Defendants to perform their ministerial and legal duties. See City of Birmingham v. Pers. Bd. of Jefferson County, 464 So. 2d 100, 103 (Ala. Civ. App. 1984)("A writ of mandamus will issue to require a public official to do a ministerial act which he is legally bound to perform."); Cleburne County Bd. of Educ. V. Payne, 518 So. 2d 49, 51 (Ala. 1987)(Stating that "[m]andamus is an equitable remedy to coerce the performance of an act," which "will be granted where there is shown on the part of the applicant a clear, specific legal right to the performance of the act sought," and further stating that "[i]t is clear that a writ of mandamus is an appropriate remedy to enforce a duty upon school officials," and noting that "[s]everal Alabama cases have held that mandamus is appropriate against members of boards of education.").

WHEREFORE PREMISES CONSIDERED, Plaintiff, individually and on

behalf of the members of the Teachers Class, respectfully requests that this Honorable Court issue a Writ of Mandamus compelling the Defendant Board and individual Defendants Johnson, Orr, Jones, Lake, Calvin, Squires, Smalley, Presley, and Higdon, to stop requiring the Plaintiff and each of the members of the Teachers Class to teach the Virtual classes in addition to the in-person On-Campus classes each was hired to teach, and to properly compensate each of them moving forward for the additional work he/she is required to perform in accordance with the Board's policies and salary schedules and Alabama law, as well as to properly provide the time, credit and contributions to the TRSA,  The Plaintiff, individually and on behalf of the members of the Teachers Class, further seeks any and all such other, further or additional relief, general or special, as to the Court may deem wise and proper under law in consideration of the relevant facts and circumstances.

## COUNT 7
## DECLARATORY, INJUNCTIVE AND EQUITABLE RELIEF

248.   The Plaintiff repeats and realleges paragraphs 19-101 in this Complaint as if fully set forth herein.

249.   The Plaintiff, individually and on behalf of the members of the Teachers Class, seeks a Declaration under the Declaratory Judgments Act, that the Defendant Board and Defendants Johnson, Orr, Jones, Lake, Calvin, Squires, Smalley, Presley, and Higdon, have willfully, fraudulently, maliciously, in bad faith, beyond their respective authority, and/or under a mistaken interpretation of the law,

improperly assigned and required the Plaintiff and the members of the Teachers Class to teach the Virtual classes in addition to the On-Campus classes for which the Plaintiff and the members of the Teachers Class were hired, thus requiring the Plaintiff and members of the Teachers Class to perform the teaching duties of multiple teachers and to perform significantly more teaching duties than those for which they were hired and are compensated, and that these Defendants failed to properly compensate the Plaintiff and members of the Teacher Class, as well as properly provide the time, credits and contributions to TRSA for and on behalf of the Plaintiff and each member of the Teacher Class for their additional work.

250.   The Plaintiff, individually and on behalf of the members of the Teachers Class, further seeks a Declaration that the Defendant Board and individual Defendants Orr, Jones, Calvin, Squires, Smalley, Lake,  Presley, Johnson and Higdon are required to follow the Board's duly adopted policies, and that these Defendants are thus required to comply with TCSS Policy 6.11 in relation to the work, duties, and classes they require Plaintiff and each Teachers Class member to perform and/or teach, and to comply with the salary schedules duly adopted by the Board.

251.   The Plaintiff, individually and on behalf of the members of the Teachers Class, further seeks a Declaration that the Defendant Board and Defendants Johnson, Orr, Jones, Lake, Calvin, Squires, Smalley, Presley, and Higdon are

required to provide Plaintiff and each of the members of the Teachers Class with due process of law prior to depriving them of their property interests in their employment.

252. The Plaintiff, individually and on behalf of the members of the Teachers Class, further seeks a Declaration that by requiring the Plaintiff and members of the Teachers Class to teach the Virtual classes without providing any compensation for teaching those classes, the Defendant Board and Defendants Johnson, Orr, Jones, Lake, Calvin, Squires, Smalley, Presley, and Higdon, have willfully, fraudulently, maliciously, in bad faith, beyond their respective authority, and/or in their mistaken interpretation of the law, reduced the Plaintiff's and the Teachers Class members' compensation below the amounts set forth in the Board's duly-adopted Salary Schedules and below the amount of compensation to which the Plaintiff and each of the members of the Teachers Class is entitled pursuant to his/her employment with TCSS, in violation of Alabama law, and have further failed to provide the proper time, credit and contributions to TRSA for and on behalf of the Plaintiff and each member of the Teacher Class.

253. The Plaintiff, individually and on behalf of the members of the Teachers Class, further seeks a Declaration that the Defendant Board and each of Defendants Johnson, Orr, Jones, Lake, Calvin, Squires, Smalley, Presley, and Higdon, have taken these actions against each of the Plaintiff and the members of

the Teachers Class, without providing them the due process to which the Plaintiff and Teachers Class members are entitled under Alabama law, the Alabama Constitution, and the 5th and 14th Amendments to the United States Constitution.

254.   The Plaintiff, individually and on behalf of the members of the Teachers Class, further seeks a Declaration that Defendants Portia Jones, both individually and in her official capacity as a member of the Tuscaloosa County Board of Education; Jamie Lake, both individually and in his official capacity as a member of the Tuscaloosa County Board of Education; Joe Calvin, both individually and in his official capacity as a member of the Tuscaloosa County Board of Education; Don Presley, both individually and in his official capacity as a member of the Tuscaloosa County Board of Education; Charles Orr, both individually and in his official capacity as a member of the Tuscaloosa County Board of Education; Randy Smalley, both individually and in his official capacity as a member of the Tuscaloosa County Board of Education; Bill Squires, both individually and in his official capacity as a member of the Tuscaloosa County Board of Education; Keri Johnson, both individually and in her official capacity as Superintendent of the Tuscaloosa County School System; and Danny Higdon, both individually and in his official capacity as CSFO of the Tuscaloosa County School System, should stop requiring the Plaintiff and each of the members of the Teachers Class to teach the

Virtual classes in addition to the in-person On-Campus classes they were hired to teach.

255.   The Plaintiff, individually and on behalf of the members of the Teachers Class, alternatively seeks a Declaration that if the Defendant Board and Defendants Johnson, Orr, Jones, Lake, Calvin, Squires, Smalley, Presley, and Higdon, continue to require Plaintiff and Teachers Class members to teach the Virtual classes in addition to the in-person On-Campus classes, the Defendants be required to provide Plaintiff and Teachers Class members with one school day a week in which they will not be required to teach in-person On-Campus classes to allow Plaintiff and Teachers Class members the time to prepare for and teach the Virtual classes.

256.   The Plaintiff, individually and on behalf of the members of the Teachers Class, further seeks a Declaration that the Defendant Board and Defendants Johnson, Orr, Jones, Lake, Calvin, Squires, Smalley, Presley, and Higdon, are required to compensate the Plaintiff and Teachers Class members for the additional work these Defendants have required the Plaintiff and Teachers Class members to perform, and that each of the Defendants, including but not limited to Defendant Danny Higdon both individually and in his official capacity, has a duty to compensate Plaintiff and each Teachers Class member in accordance with the Board's policies and salary schedules and state and federal law, including but not

limited to providing additional time, credit and contributions to the TRSA on behalf of the Plaintiff and the Teachers Class members for the additional Virtual classes.

257.   The Plaintiff, individually and on behalf of the members of the Teachers Class, seeks an order enjoining the Defendant Board and Defendants Johnson, Orr, Jones, Lake, Calvin, Squires, Smalley, Presley, and Higdon, from requiring the Plaintiff and Teachers Class members to teach the Virtual classes in addition to the in-person On-Campus classes they were hired to teach.  Alternatively, the Plaintiff, individually and on behalf of the members of the Teachers Class, seeks an injunction requiring these Defendants to provide Plaintiff and Teachers Class members with one school day a week in which they will not be required to teach in-person On-Campus classes to allow Plaintiff and Teachers Class members the time to prepare for and teach the Virtual classes.

258.   The Plaintiff and members of the Teachers Class had no choice but to teach the additional Virtual classes and perform the additional work required of them by the Board and Defendants Johnson, Orr, Jones, Lake, Calvin, Squires, Smalley, Presley, and Higdon, as the Plaintiff and members of the Teachers Class would be subject to disciplinary action up to and including termination, including for charges of neglect of duty and insubordination, if they failed to perform the work required of them by these Defendants.  Thus, the Plaintiff and members of the Teachers Class had no choice but to do that which was forced upon them by these Defendants acting

willfully, fraudulently, maliciously, in bad faith, beyond their respective authority, and/or in their mistaken interpretation of the law.

259.   The Plaintiff and the members of the Teachers Class have no adequate remedy at law.

260.   The Plaintiff, individually and on behalf of the members of the Teachers Class, further seeks any and all such other, further or additional equitable relief, as may be required, and as to the Court may seem wise and proper under the relevant circumstances.

261.   By reason of the foregoing, the Plaintiff and the members of the Teachers Class are entitled to declaratory, injunctive and equitable relief set forth above.

**WHEREFORE, THE PREMISES CONSIDERED**, Plaintiff, individually and on behalf of the members of the Teachers Class, requests that this Honorable Court conduct such hearings, and issue such Orders on declaratory and injunctive relief as the Court may deem appropriate, in order to redress the grievances which are raised herein by the Plaintiff, and which are susceptible to remedy under the equitable powers of this Court.

## COUNT 8
### Violation of Title VII of the Civil Rights Act of 1964
### (U.S.C. §§ 2000e et al.)

262.   The Plaintiff repeats and realleges paragraphs 19-101 in this Complaint

as if fully set forth herein.

263.   Plaintiff has been a teacher in the TCSS for thirty-two years.

264.   The majority of the teachers in TCSS are female, and are the primary caregivers for their families, households, and parents.

265.   Women "tak[e] on most of the household and familial duties," including childcare, and "women are also much more likely to be the ones who care for sick or elderly family members."  Maggie Germano, *Women are Working More Than Ever, But They Still Take On Most Household Responsibilities*, Forbes (March 27, 2019), https://www.forbes.com/sites/maggiegermano/2019/03/27/women-are-working-more-than-ever-but-they-still-take-on-most-household-responsibilities

266.   "Women are eight times more likely than men to look after sick children or manage their children's schedules."  Id.

267.   In addition, "[t]wo out of every three caregivers in the United States are women. *Women, Caregiving, and COVID-19*, Centers for Disease Control, June 21, 2021, https://www.cdc.gov/women/caregivers-covid-19/index.html

268.   Plaintiff is a white female over the age of forty (40).

269.   Plaintiff and each of the members of the Female Teachers Subclass were hired by TCSS and the Board to teach a full school day, which according to the Board's Policy 6.11, the school day for teachers in the TCSS begins fifteen minutes

prior to the beginning of the instructional day at each teacher's assigned school and ends fifteen minutes after the end of the instructional day at that school.

270.   Historically, each of the teachers employed in the middle schools and the high schools of the TCSS teaches students during six (6) class periods each day, and has one (1) preparatory period and a lunch during one of the periods, for a total of seven (7) periods.

271.   However, the TCSS, the Board, and Defendants Johnson, Orr, Jones, Calvin, Squires, Smalley, Lake, and Presley, in violation of the Board's policies, Alabama law and federal law, have wrongfully, willfully, fraudulently, maliciously, in bad faith, beyond their respective authority, and/or under a mistaken interpretation of the law, required Plaintiff and the members of the Female Teachers Subclass to teach a full day of instruction in person to the On-Campus Students at their assigned schools, and then to also teach multiple additional periods of instruction to Virtual Students.

272.   The TCSS, the Board and Defendants Johnson, Orr, Jones, Calvin, Squires, Smalley, Lake, Presley, and Higdon did not provide the Plaintiff or the members of the Female Teachers Subclass with additional or any compensation for the additional teaching duties, instructional hours, work and planning, except for those Female Teachers Subclass members who teach classes for which Edgenuity does not have pre-programmed classes (such as advanced placement classes, special

education classes, vocational education classes, foreign language classes, physical education classes, and other elective classes) and whom the Defendants are now paying some pro rata compensation.

273.   The TCSS, the Board, and Defendants Johnson, Orr, Jones, Calvin, Squires, Smalley, Lake, and Presley have not provided the Plaintiff or the members of the Female Teachers Subclass with additional time during the school day or school week to perform the additional teaching duties, instructional hours, work and planning.

274.   In order to meet the demands of teaching both the On-Campus Students and the Virtual Students, the Plaintiff and members of the Female Teachers Subclass have had to spend their afternoons, evenings and weekends handling their new virtual teaching duties, including but not limited to preparing teaching materials, uploading lessons, preparing tests and quizzes, and responding to multiple emails, text messages and phone calls from Virtual Students and their parents.  This was in addition to and after teaching a full load of On-Campus classes each day.

275.   This additional work and hours spent preparing, teaching and grading Virtual classes were extremely stressful and exhausting and interfered with the Plaintiff's and Female Teachers Subclass members' duties as family and household caregivers, as well as negatively impacting their mental, physical and emotional health, and depriving them of time with their families and needed downtime.

276. The action, omissions, requirements and policies of the TCSS, the Board, and Defendants Johnson, Orr, Jones, Calvin, Squires, Smalley, Lake, Presley, and Higdon in relation to the 2020-2021 academic year, have created a disparate negative impact on the Plaintiff and Female Teachers Subclass members.

277. The TCSS, the Board, and Defendants Johnson, Orr, Jones, Calvin, Squires, Smalley, Lake, Presley, and Higdon discriminated against Plaintiff and the members of the Female Teachers Subclass on the basis of sex in the terms and conditions of their employment in violation of Title VII of the Civil Rights Act of 1964, as amended.

278. As a consequence of the unlawful conduct of the TCSS, the Board, and Defendants Johnson, Orr, Jones, Calvin, Squires, Smalley, Lake, Presley, and Higdon, Plaintiff and the members of the Female Teachers Subclass have suffered damages, including but not limited to lost wages, benefits, mental distress and emotional pain and anguish.

279. Plaintiff and the Female Teachers Subclass members have no plain, adequate, or complete remedy at law to redress the wrongs alleged herein, and this suit for compensatory damages, punitive damages, attorneys' fees, costs, injunctive relief and declaratory judgment is their only means of securing adequate relief.

280. Plaintiff and the Female Teachers Subclass members are now suffering and will continue to suffer irreparable injury from the actions of the TCSS, the

Board, and Defendants Johnson, Orr, Jones, Calvin, Squires, Smalley, Lake, Presley, and Higdon, which were taken wrongfully, willfully, fraudulently, maliciously, in bad faith, beyond their respective authority, and/or under a mistaken interpretation of the law.

**WHEREFORE PREMISES CONSIDERED**, the Plaintiff, individually and on behalf of the members of the Female Teachers Subclass, requests that this Honorable Court find in favor of the Plaintiffs and (a) enter a declaratory judgment that the policies, practices and procedures of the TCSS, the Board, and Defendants Johnson, Orr, Jones, Calvin, Squires, Smalley, Lake, Presley, and Higdon complained of herein have violated and continue to violate the rights of Plaintiff and the Female Teachers Subclass members as secured by Title VII; (b) grant Plaintiff and the Female Teachers Subclass a permanent injunction enjoining the TCSS, the Board, and Defendants Johnson, Orr, Jones, Calvin, Squires, Smalley, Lake, Presley, Higdon, their agents, successors, employees, attorneys, and those acting in concert with those Defendants or at those Defendants' request from violating Title VII; (c) require the TCSS, the Board, and Defendants Johnson, Orr, Jones, Calvin, Squires, Smalley, Lake, Presley, and Higdon to make Plaintiff and the Female Teachers Subclass members whole by granting appropriate declaratory relief, compensatory damages (including damages for mental anguish), punitive damages, interest, attorneys' fees, expenses, and costs; and (d) award Plaintiff and Female Teachers

Subclass members any and all such other, further or additional relief, general or special, as to the Court may seem wise and proper in consideration of the relevant facts and circumstances.

## **RELIEF REQUESTED**

WHEREFORE, PREMISES CONSIDERED, the Plaintiff respectfully requests that the following relief be granted:

A.    This Court enter an Order certifying this action to proceed as a class action and naming Plaintiff as the representative of the Class and her counsel as counsel for the Class;

B.    This Court issue an Order that directs Defendants to stop requiring the Plaintiff and the members of the Teachers Class to teach the Virtual classes in addition to the in-person On-Campus classes each was hired to teach, and/or to alter the teaching schedule to provide Plaintiff and each of the members of the Teachers Class, the time to perform the additional assigned duties during the instructional day, and to properly compensate Plaintiff and the Teachers Class members moving forward for the additional work and teaching each is required to perform;

C.    This Court issue such Orders on declaratory relief as the Court may deem appropriate, in order to redress the grievances which are raised herein by the Plaintiff, and which are susceptible to remedy under the equitable powers of this Court, including but not limited to a declaration that the Defendants' purported

actions requiring the Plaintiff and each of the members of the Teachers Class to teach the Virtual classes in addition to the in-person On-Campus classes each was hired to teach, are null and void, and/or that Defendants are required compensate Plaintiff and the Teachers Class members for the additional work that they are being asked and required by Defendants to perform;

D.      This Court issue a Writ of Mandamus compelling the Defendants to stop requiring the Plaintiffs and each of the members of the Teachers Class to teach the Virtual classes in addition to the in-person On-Campus classes each was hired to teach, and/or to properly compensate each of them moving forward for the additional work he/she is required to perform, in accordance with the Board's policies and salary schedules and Alabama law;

E.      This Court award unto the Plaintiff and the Teachers Class, all allowable damages, including compensatory, exemplary, punitive, treble damages, which are recoverable in such an amount as may be awarded due to the Defendants' violation of the Constitution of the State of Alabama and violation of §§ 1983 and 1988 of the Title 42 of the United States Code;

F.      This Court award unto the Plaintiff and the Teachers Class and against Defendants Johnson, Jones, Lake, Calvin, Presley, Orr, Smalley, Squires, and Higdon in their individual capacities the additional compensation due to the Plaintiff and the Teacher Class for the additional work each of them performed beyond their

contracted seven (7) period day, and require the Defendants to provide the commensurate increase in the time, credit and contributions to TRSA for and on behalf of the Plaintiff and each member of the Teacher Class;

G.    This Court award unto the Plaintiff and the Teachers Class and against Defendants Johnson, Jones, Lake, Calvin, Presley, Orr, Smalley, Squires and Higdon in their individual capacities, damages, including compensatory damages, punitive damages, attorney fees, costs and all other allowable damages which are recoverable in such an amount as may be awarded due to said Defendants' violation of the Constitution of the State of Alabama and violation of §§ 1983 and 1988 of the Title 42 of the United States Code;

H.    This Court award unto the Plaintiff and the Female Teachers Subclass and against the Board and Defendants Johnson, Jones, Lake, Calvin, Presley, Orr, Smalley, Squires and Higdon, damages, including compensatory damages, punitive damages, attorney fees, costs and all other allowable damages which are recoverable in such an amount as may be awarded due to said Defendants' violation of Title VII of the Civil Rights Act of 1964;

I.    This Court enter an Order awarding Plaintiff attorneys' fees and costs as allowed by law; and

J.    This Court grant Plaintiff and the Teachers Class such other, further or additional relief, general or special, as the Court may seem wise and proper in

consideration of the relevant facts and circumstances.

## JURY DEMAND

**PLAINTIFF, INDIVIDUALLY AND ON BEHALF OF THE TEACHERS CLASS MEMBERS AND FEMALE TEACHERS SUBCLASS MEMBERS, DEMANDS A TRIAL BY STRUCK JURY ON ALL CLAIMS SO TRIABLE.**

Respectfully submitted this the 29th day of June, 2021.

*/s/ Ruth B. McFarland*

Ruth B. McFarland (ASB-7051-E58R)
ruth@winmclaw.com
*Counsel for Plaintiff*

*/s/ Bryan P. Winter*

Bryan P. Winter (ASB-3369-I63B)
bwinter@winmclaw.com
*Counsel for Plaintiff*

**Of Counsel:**
**WINTER MCFARLAND, LLC**
205 McFarland Circle North
Tuscaloosa, Alabama 35406
Telephone: (205) 650-1400
Facsimile: (205) 650-1401

*/s/ Heather Leonard*
Heather Leonard (ASB-1152-061H)
Heather@heatherleonardpc.com
*Counsel for Plaintiff*

**Of Counsel:**
**HEATHER LEONARD PC**
2105 Devereux CIrcle
Vestavia Hills, AL 35243
Telephone: (205) 977-5421

*/s/ Brannon Buck*
Brannon Buck  (ASB-5848-K56B)
bbuck@badhambuck.com
*Counsel for Plaintiff*

**Of Counsel:**
**BADHAM AND BUCK, LLC**
200I Park Place North
Suite 500
Birmingham, Alabama  35203
Telephone: (205) 521-0036

**<u>PLEASE ISSUE A SUMMONS AND A COPY OF THIS COMPLAINT TO</u>**
**<u>PLAINTIFF FOR SERVICE ON THE DEFENDANTS VIA PRIVATE</u>**
**<u>PROCESS SERVER PURSUANT TO ALABAMA RULES OF CIVIL</u>**
**<u>PROCEDURE 4(I)(1)(B), AND FEDERAL RULES OF CIVIL PROCEDURE</u>**
**<u>4(E)(1), AS FOLLOWS:</u>**

Tuscaloosa County School System
c/o Dr. Keri Johnson, Superintendent
1118 Greensboro Avenue
Tuscaloosa, Alabama 35401

Tuscaloosa County Board of Education
c/o Dr. Keri Johnson, Superintendent
1118 Greensboro Avenue
Tuscaloosa, Alabama 35401

Dr. Keri Johnson
Tuscaloosa County Board of Education
1118 Greensboro Avenue
Tuscaloosa, Alabama 35401

Mr. Charles Orr
c/o Tuscaloosa County Board of Education
1118 Greensboro Avenue
Tuscaloosa, Alabama 35401

Mr. Randy Smalley
c/o Tuscaloosa County Board of Education
1118 Greensboro Avenue
Tuscaloosa, Alabama 35401

Mrs. Portia Jones
c/o Tuscaloosa County Board of Education
1118 Greensboro Avenue
Tuscaloosa, Alabama 35401

Mr. Jamie Lake
c/o Tuscaloosa County Board of Education
1118 Greensboro Avenue
Tuscaloosa, Alabama 35401

Mr. Joe Calvin
c/o Tuscaloosa County Board of Education
1118 Greensboro Avenue
Tuscaloosa, Alabama 35401

Mr. Don Presley
c/o Tuscaloosa County Board of Education
1118 Greensboro Avenue
Tuscaloosa, Alabama 35401

Mr. Bill Squires
c/o Tuscaloosa County Board of Education
1118 Greensboro Avenue
Tuscaloosa, Alabama 35401

Mr. Danny Higdon
c/o Tuscaloosa County Board of Education
1118 Greensboro Avenue
Tuscaloosa, Alabama 35401