# **EXHIBIT 5**

Lindsey Warren – Equal Employment Opportunity Commission Charge of Discrimination

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | |

and EEOC

*State or local Agency, if any*

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mrs. Lindsey Warren | 205.799.4204 | 8/14/86 |

| Street Address | City, State and ZIP Code |
|---|---|
| 12130 Emmitt Drive | Duncanville, Alabama 35456 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. (Incl. Area Code) |
|---|---|---|
| Tuscaloosa County Board of Education, Tuscaloosa County School System and Superintendent Keri Johnson | 2265 | (205) 785-4011 |

| Street Address | City, State and ZIP Code |
|---|---|
| 1118 Greensboro Avenue | Tuscaloosa, AL 35401 |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE   ☐ COLOR   ☒ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN
☐ RETALIATION   ☐ AGE   ☐ DISABILITY   ☐ GENETIC INFORMATION
☐ OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 8/12/2020   Latest: 12/18/2020
☒ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I am a middle school teacher at Duncanville Middle School in the Tuscaloosa County School System. Specifically, I teach Eighth Grade English. I have also taught elective classes like creative Expressions and learning strategies. In August of 2020, the Tuscaloosa County Schools started a pandemic plan intended to help our schools address the Corona virus. This plan did not work. The plan required teachers to do double duty in order to teach both face-to-face and remote students at the same time. The Tuscaloosa County Schools did not compensate us for this double duty, and when asked to modify the plan, or when asked to provide any help or relief, they ignored or rebuffed our suggestions. For the first quarter, and then some, my fellow teachers and I were wrongfully taken advantage of by the Superintendent and the Board of Education. After working our regular day teaching face-to-face students, we had to come home and work excessive hours in order to prepare lessons for the virtual students, teach the students, communicate with students and parents, provide feedback, and enter grades for students, to the point where we ran out of time during the work week and had to spend whole weekends planning and preparing lessons and uploading the same to the computer and the chosen computer program "Schoology."

This double duty, with no training, cost myself and other teachers, time, money, stress, toil, and mental health issues. I was so overwhelmed with the extra duties that I had to go to the doctor and get a prescription for medicine. Specifically, this "plan" has had significant impact on me and especially other female teachers, as we comprise a majority of the teaching staff. It also inordinately affected me and the other women, who had to do all of this extra work with no pay, and with no help or support for our responsibilities at home for our children, families and households. In fact, neither the Superintendent or the Board acknowledged all of our extra work. One board member even applauded at the thought that we were typically overpaid for the amount of work we did. Others reported that school leaders call us "whiny women."

In fact, each teacher had agreed to teach for a specific numbers of days per year, and a certain number of hours per each of the days. We far exceed this with no increase in compensation or benefits. In most businesses, such effort would be applauded, not ridiculed. The double duty included creating on-line content for students on a specific and non-user-friendly program, which neither I nor most teachers and students had adequate training. Indeed, teachers spent significant time learning the program on their own and teaching students how to use th program as well. Moreover, we had to take our pencil and paper lessons, which we had worked years to improve and provide the highest quality education, and now, practically overnight, start from scratch and create and recreate lessons for on-line use. This literally took hours and was just the first step. We also had to continually answer questions from multiple students who could not hear each other's questions or our responses. We had to grade all of the on-line assignments and create and grade and review on line tests for virtual students and then consult with students one-on-one about the tests.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY–*When necessary for State or Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br>*Lindsey Warren* |
| 2/19/21  *Lindsey Warren*<br>Date   Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME<br>(month, day, year) 2/19/21 |

RUTH B. McFARLAND
Notary Public, Alabama State at Large
My Commission Expires Oct. 10, 2021

| EEOC Form 5 (11/09) | | |
|---|---|---|
| **CHARGE OF DISCRIMINATION**<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br><br>and EEOC |
| | State or local Agency, if any | |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

All of this was done while we still had our daily classes with classrooms full of kids who came to school and had face-to-face learning. When a student in a regular, in-person class asks a question, the teacher can usually answer the question on one occasion and the whole class can hear the answer. Moreover, not only did we have to teach our in-school classes, we were charged with implementing sterilization and virus prevention duties, such as continually updating and keeping accurate seating charts in order to know who had been exposed to the virus, which used even more of our time during the day.

Rather than squarely placing all of this extra work on the backs of already overworked and underpaid teachers, the Superintendent and School District could have chosen a far superior option which did not take financial, social, and personal advantage of the female teachers and caregivers who were in the significant majority of the total staff. The Superintendent and the Board could have done one of the following:

1. Provided the time and resources necessary for individual school leadership to do their jobs and effectively plan and train staff and students.
2. Could have scheduled one set of teachers to provide in class instruction, and another set of teachers to provide out of class instruction.
3. Provided the teachers with one or more workdays per week to work together and work on materials and services to be delivered through remote learning.
4. They could have provided a "plug and play" program like Edgenuity from the beginning of the year instead of waiting 9 weeks to implement it.
5. They could have paid teachers for the extra work as was the habit, custom and practice of the Tuscaloosa County Schools.

Calling the women teachers "heroes" without have the respect to pay them is insulting and wrong. The burden of the pandemic should not and cannot be carried totally on the backs of already overworked and underpaid female teachers. Unbelievably, one of the board members said that we could not go to a four-day-week and use Friday as a remote learning day because we had to provide childcare for the parents. Nobody provided me, or the other female teachers with childcare when we had to work from the end of regular school day until late, late into a weekday night, and then on the weekends. If we are going to work double time in order to provide others with child care, and save others money, then we should be compensated as well. The Superintendent recommended a new virtual education program, "Edgenuity" without any input from the teachers. The Board approved Edgenuity without any input from the teachers. Despite this recommendation and approval, we had still had to put in double time and use Schoology for our many students who were going in and out of quarantine. The Superintendent and Board still refused to recognize, let alone compensate, all of those teachers who continued to do double duty because some of their students were still using Schoology.

Then the Superintendent and Board added insult to injury when they decided to pay thousands of dollars to some educators to supervise but not teach the virtual students on Edgenuity. The supervisors did not have to create content, teach content, test content, grade content, or answer questions about content, but rather just facilitate the use of the program. Effectively, this means that they call on people who do not sign in for the online classes in Edgenuity and communicate with remote students and parents about the use of the program. And even these supervisors are not being fairly and adequately compensated for what they are doing, which pales in comparison to what we had to do with Schoology. It is important to know that historically, when a teacher was asked to teach an extra class during their prep or lunch period of the school day, the Superintendent would recommend, and the Board of Education would approve, additional salary commensurate with the increased percentage of duty. The Superintendent made the recommendation to the Board for the teacher to teach the additional class and the Board approved additional compensation for the teacher's additional work in teaching an additional class. In the 2020-21 school year, the Board still approved extra pay if a teacher was teaching an extra in-person class during their normally allotted prep period. But the Board did not approve any such increase for any teacher that was teaching an additional class, or multiple classes virtually in the 2020-2021 school year. It was almost as if the Superintendent and Board either did not understand that a virtual class was more time consuming, stressful and required increased toil above and beyond that of a typical additional class assignment for a teacher in person.

Last but not least, we were not only discriminated against in terms of our actual pay, but we also suffered discrimination in our benefits. If we do not carry a full teaching load in a semester or academic year, we lose salary, and our credit and time in the State Teachers Retirement System. But when we did more, far more, and spent more time, we did not receive any positive time or credit with the TRSA for retirement benefits, insurance and pension. Thus, I am of the opinion, that I, along with a similarly situated class of women teachers, have been discriminated against based on our gender in violation of Title VII of the Civil Rights Act of 1964, as amended, through both disparate treatment and disparate impact theories.

| | NOTARY—When necessary for State or Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct.<br><br>2/19/21    *Lindsey Warren*<br>Date    Charging Party Signature | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(month, day, year)  2/19<br><br>RUTH B. McFARLAND<br>Notary Public, Alabama State at Large<br>My Commission Expires Oct. 10, 2021 |

EEOC Form 161-B (11/2020)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | Rebecca Kennedy<br>607 Main Ave. Apt. 311<br>Northport, AL 35476 | From: | Birmingham District Office<br>Ridge Park Place<br>1130 22nd Street South<br>Birmingham, AL 35205 |
|---|---|---|---|

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 420-2021-01151 | **IRAN CRUZ,**<br>**Investigator** | (205) 651-7029 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*for* James C Love Sr

**BRADLEY A. ANDERSON,**
**District Director**

September 8, 2021
*(Date Issued)*

Enclosures(s)

cc:   **TUSCALOOSA COUNTY SCHOOL SYSTEM**
c/o Ray Ward, Attorney
2216 - 14TH ST
Tuscaloosa, AL 35401

**WINTER MCFARLAND, LLC**
c/o Bryan Winter
205 Mcfarland Circle
Tuscaloosa, AL 35406

Enclosure with EEOC
Form 161-B (11/2020)

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope or record of receipt, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was issued** to you (as indicated where the Notice is signed) or the date of the postmark or record of receipt, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*